James F. Niehoff, J.
This is an action in which the plaintiff school district seeks to recover from defendant, a former teacher employee of the school district, the sum of $4,775 with interest from July 1, 1966. The gravamen of the complaint is that the defendant was granted a sabbatical leave of absence from the school district pursuant to a written agreement which provided that if he did not return to the service of plaintiff for a full school calendar year following expiration of the leave of absence he would return the full amount of the salary paid to him while on such leave; that defendant failed and refused to return to his employment in plaintiff district as required by the agreement; and that defendant has failed and refused to return to the plaintiff the sum of $4,775 paid to him during the leave of absence period, although the same has been duly demanded.
The motion before the court is one by plaintiff for an order directing that the answer be stricken and summary judgment entered in favor of the plaintiff for the relief demanded in the complaint upon the ground that no defense exists to the cause of action and that the defenses alleged are frivolous and without merit.
More than 40 years ago Judge Cardozo observed that the “ object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what *339 is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial.” (Richard v. Credit Suisse, 242 N. Y. 346, 350 [1926].) More recently, the Appellate Division, First Department said: “ One of the recognized purposes of summary judgment is to expedite the disposition of civil cases where no issue of material fact is presented to justify a trial. While the courts are cautioned to exercise the power to summarily direct judgment with full recognition that a party with a just claim or valid defense is entitled to his day in court, timidity in exercising the power in favor of a legitimate claim and against an unmerited one, not alone defeats the end of justice in a specific case, but contributes to calendar congestion which, in turn, denies to other suitors their rights to prompt determination of their litigation.” (Di Sabato v. Soffes, 9 A D 2d 297, 299 [1959]).
‘ ‘ Issue-finding, rather than issue-determination, is the key to the procedure.” (Esteve v. Abad, 271 App. Div. 725, 727 [1st Dept., 1947]).
For reasons hereinafter set forth the court finds that no triable issue of fact exists in this case.
Plaintiff’s motion for summary judgment is supported by an affidavit of the Superintendent of Schools and a number of documents which establish the following facts:
Prior to July 1,1966, the defendant was employed as a teacher in the plaintiff school district. On or about December 7, 1964, the defendant applied to the plaintiff for a sabbatical leave of absence for one half year. The written application for sabbatical leave submitted and signed by defendant contained the following crucial language: “ I specifically agree to return to the service of the district for a full school calendar year following the expiration of leave unless, with the prior approval of the Board of Education, my return is prevented by reasons of health or by circumstances beyond my control. If I do not return, I agree to return to Central School District No. 2 the full amount of salary paid to me while on such leave. I further agree, upon return, to participate in such programs as the District may develop whereby the benefit of my leave may be shared with the students, other staff members, and/or the general community.”
The aforesaid application for sabbatical leave was approved by the Board of Education and, on November 22,1965, defendant was notified in writing that his leave would commence on January 29, 1966.
Thereafter, on April 1, 1966, the Superintendent of Schools of plaintiff school district sent defendant a form letter advising him that he had been recommended for continued employ *340 ment as a teacher for the school year commencing September 1, 1966, at a salary of $10,600 and defendant was requested to indicate his intention to return to the school district for that year by signing and returning the carbon copy of the form letter. On April 14, 1966, defendant signed and returned the carbon copy of the form letter which indicated his intention to return. Defendant’s signature appears immediately after the below quoted language: “I hereby accept the appointment at the base salary indicated and commit myself to professional service as a teacher in the public schools of Central School District No. 2, Syosset, New York, for the 1966-67 school year.”
Subsequently, on July 24, 1966, defendant submitted a letter of resignation to the plaintiff school district. Said letter stated that defendant had “ just been offered a position as assistant principal in a New York City elementary school ” and that “ I feel that I cannot ignore this type opportunity to advance in my chosen profession. Therefore, it is with great reluctance that I must tender my resignation as a teacher in the Baylis Elementary School.”
On August 9, 1966, the Superintendent of Schools of plaintiff school district acknowledged receipt of defendant’s letter of resignation. The letter of acknowledgment also contained the following statement with respect to defendant’s obligation to return the amount of pay received while he was on leave: “ * * * may I remind you of the provisions of the Sabbatical Leave policy of Central School District No. 2, which requires you to return the full amount of salary paid to you on leave because of your failure to return to Central School District No. 2 for a full school year following your sabbatical leave. Mr. Robert Hertwig will help you work out a convenient repayment plan which may extend over a period of not to exceed one year. ’ ’
Correspondence then took place between the defendant and various members of the plaintiff school district pertaining to defendant’s obligation to repay the salary paid while he was on sabbatical leave. The matter was never resolved.
Nearly eight months after he submitted his letter of resignation and nearly six and one-half months after the commencement of the 1966-1967 school year, to wit, on March 12, 1967, defendant sent the Superintendent of Schools of the plaintiff school district a letter requesting that he be considered for the newly opened position of principal of the J. Irving Baylis Elementary School.
Under date of March 20, 1967, the Superintendent acknowledged receipt of defendant’s letter of March 12, 1967. The Superintendent’s letter contains the following reference to the *341 defendant’s obligation vis á vis the previously granted sabbatical leave:
“ * * * I understand that while you were an employee of Central School District No. 2, you were granted a sabbatical leave and then did not return, as you agreed, to serve for one year subsequent to the sabbatical leave. I also understand you agreed to return the amount you were paid during this leave and as of this date you have not done so.
“ Before I could consider you as an applicant for an administrative position, I would have to know that this former situation was resolved. I would appreciate it if you would advise me as to your intention in this regard. ’ ’
Thus, the plaintiff has made an evidentiary showing which supports all of the essential allegations of its complaint. That being so, it becomes incumbent upon defendant to submit evidentiary facts or materials, by affidavit or otherwise, rebutting said facts and demonstrating the existence of a triable issue of ultimate fact (CPLR 3212, subd. [b]; Indig v. Finkelstein, 23 N Y 2d 728, 729 [1968]). As the Court of Appeals has declared in the Indig case (supra, p. 729): “ The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified.” Bather, the party opposing the motion must “ assemble and reveal his proofs in order to show that the matters set up in his answer were real and were capable of being established upon trial.” (Dodwell & Co. v. Silverman, 234 App. Div. 362, 363 [1st Dept., 1932].)
In the case at bar defendant has chosen to oppose plaintiff’s motion by means of a three-page affidavit signed by his attorney which contains the statement: “It is respectfully submitted that there are crucial disputes as to facts. In addition, basic and fundamental questions of law are involved.”
The law is well settled that upon a motion for summary judgment, the opposing affidavits as well as the supporting affidavits must be made by affiants having personal knowledge; hearsay statements by persons or attorneys having no personal knowledge are of no effect (Smolenack v. Hess, 274 App. Div. 907 [2nd Dept., 1948]; Favole v. Gallo, 263 App. Div. 729 [2nd Dept., 1941], affd. 289 N. Y. 696 [1942]).
Quite apart from the fact that it is hearsay in nature the affidavit of counsel does not demonstrate the existence of a triable issue of ultimate fact. The conclusory statement in the affidavit that “ there are crucial disputes as to facts ” is not supported by any showing within the affidavit. In reality, the *342 affidavit constitutes an argument on the law in support of certain of the affirmative defenses set forth in the defendant’s answer.
Needless to say, if no issue of fact is presented, and “ the record contained a sufficient showing of undisputed facts to permit the issues to be determined as a matter of law, a summary judgment should * * * [be] directed” (Town of Harrison v. County of Westchester, 13 A D 2d 708, 709 [2d Dept., 1961]).
Accordingly, there remain to be considered the questions of law raised by defendant’s six affirmative defenses. These will be examined seriatim.
The first affirmative defense alleges that during the period of his sabbatical leave ‘ ‘ defendant did continue to perform functions for the School District on the District’s Health Council without additional compensation.” Apparently defendant is of the view that such functions performed during the period of the sabbatical leave relieve him of the obligation to repay the salary received during the sabbatical.
This proposition is without merit.
Plaintiff’s moving affidavit states that defendant attended meetings of the health council approximately once each month, while at the same time pursuing graduate studies in a local college, and that defendant attended such meetings entirely as a volunteer. Defendant has not controverted the foregoing.
Moreover, such services by defendant cannot free him from his contractual obligation to repay the salary received by him during his sabbatical leave. Defendant applied for a sabbatical leave which was granted upon conditions to which he assented. Having breached the condition requiring him to return to the school district for a full calendar year following the expiration of the leave he is obliged to return to the school district ‘1 the full amount of salary ’ ’ paid to him while on leave.
The second affirmative defense is that a sabbatical leave with pay is granted to employees as a reward for past service only and is not intended or granted for a commitment for future service; that defendant was eligible to apply for a sabbatical leave after 7 years of service; that he did not apply for the leave until he had completed 8 years of service; and that he had thus served the additional year before the leave which plaintiff claims defendant was obligated to serve after the leave.
The agreement which defendant signed speaks for itself. It requires the performance of service “ for a full school calendar year following the expiration of leave.” Hence, the fact that defendant may have applied for a sabbatical leave one year after he was eligible to apply for such a leave is irrelevant. Furthermore, defendant has cited no authority for his claim that *343 he was entitled, as of right, to sabbatical leave with pay upon completion of seven or eight years ’ service.
Plaintiff, on its part, relies upon section 1709 (subd. 16) of the Education Law, which authorizes the plaintiff school district to adopt rules and regulations governing the “ granting of leaves of absence to ’ ’ teachers 1 ‘ either with or without pay ”. Pursuant to such authority, the plaintiff school district adopted a statement of policy, effective throughout the entire period covering this lawsuit, to provide rules governing sabbatical leaves by teachers. Regulation 2^5-6 provides that leaves ‘ ‘ may be granted ’ ’ upon completion of “ at least seven years satisfactory service * * * for purposes of professional improvement. ’ ’ Subdivision 6 of this regulation provides further that: ‘ ‘ The teacher shall sign an agreement to return to service for a period of a full school calendar year following the leave, or he must return to the district the full amount of salary paid on leave, unless, as determined by the Board of Education, his return to service is prevented by reasons of health or by circumstances beyond its control.”
This subdivision also provides that applications for sabbatical leave must be submitted on or before January 15 for the following school year.
It follows that defendant was not entitled to sabbatical leave with pay as a matter of right because of past service.
The third defense is that public policy dictates that the recognition of past service in granting sabbatical leaves is in the public interest and that any infringement thereon so as to circumvent such public interest would be in contravention of public policy.
Section 1709 (subd. 16) of the Education Law, referred to above, authorizes the various school districts to adopt rules and regulations governing the granting of leaves of absence to teachers either with or without pay. It does not require a school district to grant a leave of absence with pay and where a school district does so it may reasonably impose a condition of future service. Indeed, the requirement that a teacher devote additional service subsequent to sabbatical leave fulfills the public policy of this State. A sabbatical leave is granted for the purpose of permitting a teacher to improve his professional ability, and subsequent service is required so that the fruits of the sabbatical will, at least in part, inure to the benefit of the students within the school district granting the leave.
The fourth affirmative defense is that any document, such as the agreement involved herein, which is conceived or drafted so as to impose an obligation for compulsory service in future *344 is invalid under the State and Federal constitutional provisions against involuntary servitude.
Involuntary servitude is defined as the condition of one who is compelled by force, coercion or imprisonment, and against his will, to labor for another, whether he is paid or not. (Black’s Law Dictionary, 3d ed.) The constitutional provisions against involuntary servitude are not violated when an individual, for a valuable consideration, contracts for the surrender of his personal liberty for a definite time and for a recognized purpose, and subordinates his going and coming to the will of another during the continuance of the contract (see Robertson v. Baldwin, 165 U. S. 275). A servitude which is knowingly and willingly entered into cannot be termed “ involuntary ”.
The agreement herein is of such a nature. It was entered into by defendant of his own free will and for a valuable consideration. True it is that the courts will not specifically enforce contracts to perform personal services and if plaintiff were seeking an order directing defendant to work for plaintiff school district it would be denied upon one or more of three grounds, namely, (1) that plaintiff has an adequate remedy at law; (2) that the court could not supervise the performance of the contract; or (3) that the enforcement of such a contract is contrary to the policy of the law as expressed in the prohibition against involuntary servitude. (See McClintock on Equity, 2d ed., 1948, pp. 164-165). However, plaintiff does not seek an order directing defendant to work for plaintiff. Instead, plaintiff seeks a return of the consideration received by defendant inasmuch as defendant has failed and refused to carry out his part of a lawful bargain. The relief sought by plaintiff may be granted without violating defendant’s constitutional rights.
The fifth affirmative defense is that implicit in any valid agreement for service in futuro would be the fact that such employment would be in a grade or rank to which defendant is eligible and qualified; that defendant was willing to, and offered to return to a position which was open and for which he was qualified; that plaintiff refused to accept the offer of defendant and insisted that he return to a position of lower rank; and that by reason of the foregoing plaintiff itself breached the agreement.
The sixth affirmative continues the theme of the fifth by asserting that upon return from sabbatical leave defendant was refused assignment and appointment to a position for which he was both qualified and eligible as a consequence of which defendant was compelled to accept employment elsewhere in an appropriate position.
*345 These two defenses have the earmarks of an afterthought and are defeated by the uncontroverted facts.
At the time he commenced his sabbatical leave defendant was a public school teacher. There is nothing in the agreement to suggest that defendant had the right to expect to receive a higher position upon his return from leave. Indeed, defendant himself joined with plaintiff in construing the agreement otherwise when on April 14, 1966, during the course of the sabbatical, defendant expressed his willingness to return and teach the following year in the capacity previously held by him. He did not then express any dissatisfaction with the offer of employment to him by the plaintiff. Defendant’s decision not to return to the plaintiff school district came about solely because he determined to accept a position in a New York City elementary school. The plaintiff did not refuse defendant employment. On the contrary, the defendant freely and voluntarily chose to accept employment elsewhere in contravention of his agreement with plaintiff school district.
Defendant’s offer to return to the plaintiff school district in a higher capacity made on or about March 12, 1967, nearly six and one-half months after the commencement of the 1966-1967 school year does not constitute a compliance with the contract provision requiring him to return to the service of the district for a full school calendar year ‘< following the expiration of leave ”.
For the reasons set forth above, plaintiff’s motion for a summary judgment is granted.