Sol Wachtler, J.
Pursuant to the authority conferred upon it by subdivision 16 of section 1709 of the Education Law, the plaintiff board has adopted rules and regulations for the granting of leaves of absence to its teachers. Under such rules, teachers become eligible to apply for a sabbatical leave after seven years of service in the district.
The primary purpose of the sabbatical leave, which is granted for one year at one-half pay, is expressed to he for 1 i advanced study * * * and other educational experiences of value.” It is further provided in the rules adopted by plaintiff board in 1958 and revised in 1964 that teachers taking a sabbatical must agree in writing to return to the schools of the district for the two years following their leave. In the event they take another position or fail to return for any reason other than illness or death they must refund the salary paid during the leave.
Defendant is a teacher, who in June of 1967 had been employed in the schools of the plaintiff board for a period of seven years. In March of 1966 she requested a sabbatical leave for the school year 1967^68 which request was -approved and notification of the approval was given in September of 1966. Defendant was given the sabbatical for the school year 1967^68 and received $6,650 representing one-half pay.
Prior to the end of the leave she requested an additional one-year leave of absence without pay to complete her studies. The request was granted and she was so notified by letter dated *908 April 26, 1968. The letter contained the following language: “ It is understood that this action extends your commitment to return for at least two years, to take effect September 1969 ”. In April of 1969 defendant sent a letter of resignation to the Superintendent of Schools who then communicated with her by return letter advising her that she was not free to resign unless she was prepared to refund the moneys paid during the sabbatical leave and requesting that she advise him of her intentions. An additional letter was sent to the Superintendent confirming defendant’s intention of not returning.
This is an action brought by the Board of Education to secure repayment of the $6,650 paid to defendant during the period when she was on sabbatical leave. Plaintiff moves for summary judgment. It appears from the papers submitted upon this motion, that defendant did not execute any agreement in writing to return to this district. It is her position that in the absence of such a writing any agreement upon her part to return would be void under the provisions of section 5-701 of the General Obligations Law and that no obligation exists to return the moneys paid. Defendant further argues that the moneys paid her during the sabbatical leave were in fact additional compensation for seven years of prior service to the district.
In the opinion of this court there is no valid defense to this action. Under the provisions of section 1709 of the Education Law the board was authorized to adopt rules and regulations governing the granting .of leaves of absence either with or without pay. Under the regulations adopted, it made return to the district a condition to payment of salary during a sabbatical leave. Acceptance of the salary by defendant was acceptance of the condition imposed. Since she did not fulfill the condition she must refund the moneys paid her. This court holds additionally that the offer to return to the district after commencement of this action was not sufficient compliance with the terms of the rules. (Central School Dist. No. 2 v. Cohen, 60 Misc 2d 337.)
Accordingly the motion is granted and plaintiff is awarded summary judgment as prayed for in the complaint.