Budd G. Goodman, J.
The petitioner, the New York City Housing Authority, seeks to remove the respondent, Loida Colon, from apartment 10H in the Lehman Village Project at 1641 Madison Avenue, New York City. The New York City Housing Authority, hereinafter referred to as the Authority, alleges in its petition that the respondent is either a squatter or a licensee of a person entitled to possession at the time of said license, who is no longer entitled to possession thereof.
Prom the evidence adduced at the trial it is obvious, and both parties agree, that the respondent is not a squatter, having had some permission to occupy the premises. Therefore, the sole issue remaining is whether the respondent, Loida Colon, is a licensee of a person entitled to possession at the time of said license who is no longer entitled to any posses *655 sion. If so, she would not be entitled to remain in the apartment she now occupies.
There is no dispute that the respondent’s grandmother Felipa Otero was a tenant in apartment 10H since approximately June of 1963 until her death on January 7, 1971. It is the finding of this court that the respondent moved into •the apartment occupied by her grandmother sometime in 1970, ostensibly with Mrs. Otero’s permission. The court further finds that the first knowledge that the Authority had of Mrs. Colon’s occupancy was on or about September 23, 1970, when she appeared at the Authority. At that time respondent was given specific permission by the Authority to remain on the premises until Mrs. Otero was placed in a nursing home. The respondent herself testified she was given such specific permission in October of 1970.
The court also finds that the landlord-tenant relationship between Mrs. Otero and the Authority is quite dissimilar from that which exists in a rent-controlled or rent-stabilized premises. The Authority exists as a public corporation through an act of the Legislature (Public Housing Law, § 3, subd. 2; § 400). It is not subject to rent control (Administrative Code of City of New York, § Y51-3.0, subd. e, par. 2, subpars. [a] and [f]), nor is it subject to rent stabilization (Administrative Code, § YY51-3.0, subd. [a]). In addition, the court finds that the case law heretofore decided under the emergency rent law (rent control) cited by respondent has no applicability here.
It is also clear that the Authority is empowered to set standards, regulations, rents, and to control who may become tenants or occupants of its apartments (Public Housing Law, §§ 30, 37 and 156).
The court, therefore, reaches the conclusion that Loida Colon gained admittance to apartment 10H by the limited permission of the Authority through the tenancy of Felipa Otero, while she continued to reside in the house. Once Mrs. Otero died, her tenancy was terminated and the limited permission given to her granddaughter also terminated.
On the basis of the above facts, final judgment is rendered in favor of the petitioner against the respondent awarding the said petitioner delivery of the premises described in the petition. Issuance of the warrant is stayed to and including July 31, 1971, on condition that tenant pay rent in arrears within 30 days and pays for use and occupancy as it becomes due at the same rate as heretofore paid.