OPINION OF THE COURT
Herman Cahn, J.
Petitioner instituted this holdover proceeding pursuant to subdivision 7 of section 713 of the Real Property Actions and Proceedings Law, on the grounds that respondent is a licensee.
Respondent interposed an answer consisting of a general denial and several affirmative defenses. The third affirmative defense is that the proceeding must fail because petitioner failed to afford respondent an impartial administrative hearing prior to commencement of this proceeding, and that such hearing is a prerequisite for the commencement of a summary proceeding. The instant motion is brought to strike said affirmative defenses.
Respondent resides at an apartment in 108 West 52nd *415 Street, New York, New York, owned and operated by petitioner Housing Authority. Respondent moved into the apartment then being occupied by his aunt who lived there alone, without petitioner’s knowledge or approval. Thereafter on or about September 7, 1977, respondent’s aunt died and respondent since then has continued to live in the apartment. Respondent does not have a lease to the apartment.
Petitioner contends that respondent is a mere licensee, and that since his aunt is no longer alive he is no longer entitled to reside in that apartment. Petitioner further contends that respondent is not entitled to an impartial hearing by reason of the fact that he is not a tenant in the premises. Admittedly no such hearing was held.
Congress made certain classes of people eligible for public housing. One of the categories eligible for public housing as "single” families is the remaining member of a tenant family. Such persons are entitled to an impartial grievance hearing before their tenancy is terminated (US Code, tit 42, § 1437a, subd [2]; 24 CFR 866.53 [f]), as are all other tenants of public housing.
There is no definition of the term "remaining member of a tenant family” in the Housing and Community Development Act of 1977, as amended (US Code, tit 42, § 1437), or the regulations promulgated thereunder. "Remaining member of a tenant family” as interpreted by petitioner includes an adult who resided with their parent, public housing tenants as a member of the tenant’s original household at the time of the death of the tenant/parent. This definition clearly excludes respondent, a nephew of the prior tenant. Petitioner vigorously argues that to extend the concept of "remaining member of tenant family” beyond the parent-child relation would grant an unfair entitlement to public housing to persons and families who are too distantly related to form a natural family.
The New York City Housing Authority is a corporate governmental agency and is empowered to set standards and regulations as to who may become tenants or occupants of its apartments. (Public Housing Law, §§ 30, 37, 156.) Its construction of the laws and rules under which it operates is entitled to great weight. (Udall v Tallman, 380 US 1, 14.)
The question of whether a nephew is a "remaining member of a tenant’s family” is apparently a question of first impression. Petitioner’s position that a nephew is not such a remain *416 ing family member is clearly not unreasonable. Admittedly here, respondent moved into the apartment a short time before his aunt died, not having lived with her during all of his adult life. To permit respondent to then continue to live in the apartment under such circumstances would afford him an unfair advantage over eligible families who are on petitioner’s waiting list seeking accommodations. To hold otherwise would be an invitation to circumvent the eligibility, priority and waiting list procedures set up by petitioner. (Campos v Christian, NYLJ, July 21, 1976, p 7, col 4.)
Since respondent is not a remaining member of the tenant’s family, he is not entitled to an impartial grievance hearing on the subject of tenancy. The motion to strike the third affirmative defense is therefore granted.