OPINION OF THE COURT
John R. Cannizzaro, J.
Petitioner New York City Housing Authority (Authority) commenced a holdover summary proceeding against the present occupant of one of its apartment units, the respondent Henry Shephard. It was alleged that the subject premises were leased by one Hattie Peale, now deceased, and Shephard became an occupant of the apartment as a licensee of the tenant, and since she is now deceased, the license has terminated.
The Authority is a government agency formed to provide housing to low income persons. In order to carry out this function, it may set income and other standards for persons who are or may become tenants in its facilities. The Authority has set regulations requiring approval of all new members of the household, and it requires periodic reporting by the tenants of household members and income in *874 order to ascertain if standards are met. Such regulations requiring approval and other reporting requirements are legitimate. (See New York City Housing Auth. v Lawson, NYLJ, April 4, 1980, p 5, col 1.)
Pursuant to such authority, petitioner required Ms. Peale to complete an application sometime in 1970 or 1971. She listed herself as the only occupant on subsequent annual affidavits of income, she continued to list herself as the only occupant of the subject apartment, and listed this respondent as the “nearest relative or friend in the New York City area who can be contacted in an emergency”, and gave an address in The Bronx for Mr. Shephard.
Petitioner has moved for summary judgment in its favor asserting that respondent’s only color of right to possession is a license from the lawful tenant and that license terminated upon her death.
Respondent, in opposition, urges that there are questions of fact concerning petitioner’s knowledge of respondent’s occupancy since and before the death of the prime tenant, through agents of the Authority. As a matter of law, this contention is without merit, for a proper showing of the apparent authority of such agents to bind the principal, there must be a showing that respondent relied on a representation by the principal that the agent was authorized to act as it did. (Greene v Hellman, 51 NY2d 197; Ford v Unity Hosp., 32 NY2d 464, 472-473.) Respondent acted at his own peril in verifying that an agent of a public body acts within his authority. (Coates v City of New York, 76 Misc 2d 769.)
Even with the knowledge of Authority employees, an occupant of an apartment who resides there for a time after the death of the prime tenant is not entitled to the status of tenant via estoppel principles. “[T]he failure of public officials to enforce possible rights whether for a long period or a short one may not be the basis of an admission or estoppel resulting in possible loss to the public of its rights” (New York City Housing Auth. v Rodriguez, NYLJ, July 30, 1976, p 7, col 4, p 8, col 1).
Hence, even if certain employees of the Authority had knowledge of respondent’s occupancy, this fact would not *875 bar petitioner’s right to proceed to evict respondent as a licensee whose rights terminated on the death of Ms. Peale.
Respondent also asserts that by reason of the acceptance of moneys from respondent, a landlord-tenant relationship was established by conduct of the parties. Again, as a matter of law, this argument is not controlling since the Authority is empowered to set standards and regulations as to who may become tenants or occupants of its apartments. (Public Housing Law, §§ 30, 37, 156; see, also, New York City Housing Auth. v Nesmith, 100 Misc 2d 414.) To permit the respondent to continue to live in the apartment under such circumstances would give him an unfair advantage over those needy families now seeking accommodations in the Authority’s facilities, and would result in a circumvention by respondent of the stated purpose of the Legislature in providing safe and sanitary housing accommodations to low income families. (Public Housing Law, §2.)
Respondent, in addition, has cross-moved for an order seeking to include an affirmative defense that at all relevant times, respondent was a “family member” as used in subdivision (c) of section 1 of the New York City Housing Authority Management Manual, which defines the term “family” to include “two or more persons who have been living together as a cohesive family group”. If respondent were deemed as a remaining member of a family group, he would be entitled to an impartial grievance hearing before termination of his tenancy (US Code, tit 42, § 1437a, subd [2]; 24 CFR 866.53 [f]), and would be entitled to possession pursuant to such law.
The New York City Housing Authority regulations relied upon by respondent also indicate that persons who are not included in a “family” are unrelated adults who have not lived regularly as a member of the family group. (New York City Housing Authority Management Manual, § 3, subd [b].) The pleadings and other memoranda submitted do not support respondent’s position on this issue. In respondent’s own answer, the sixth affirmative defense proposed states that, “[ujpon learning that Hattie Peale was gravely ill, and in need of personal care and attention, Respondent did resume cohabiting with Hattie Peale, and *876 continued doing so until the time of the death of Hattie Peale.” In Hattie Peale’s application for an Authority unit, and in subsequent eligibility reports, the respondent’s name is not listed as a person living in the apartment.
Despite the conclusory position taken by respondent that he lived with Hattie Peale as a family unit, the evidence submitted leads to a conclusion that, at best, they might have lived together on a sporadic basis, without Authority approval and consequently are excluded from the definition of “family” under the Authority’s regulations concerning tenant selection.
The respondent, not a family member of the prime tenant, being a licensee whose permission to occupy the subject premises evolves from the prime tenant, now deceased, is not entitled to continued occupancy (New York City Housing Auth. v Lawson, NYLJ, April 4, 1980, p 5, col 1, supra; New York City Housing Auth. v Colon, 66 Misc 2d 654; New York City Housing Auth. v Nesmith, 100 Misc 2d 414, supra), which can only be obtained by the admission process established by the Authority. (See, generally, Matter of Vinson v Greenburgh Housing Auth., 29 AD2d 338, 340; Public Housing Law, § 156.)
Since respondent has failed to raise any genuine issues of fact (Central School Dist. No. 2 of Town of Oyster Bay v Cohen, 60 Misc 2d 337; Friedkin v Harry Walker, Inc., 90 Misc 2d 680; Gray Mfg. Co. v Pathe Inds., 33 AD2d 739), petitioner’s motion for summary judgment in its favor for a judgment of possession is granted, and respondent’s motions are denied.
Warrant of eviction stayed until June 25, 1982.