OPINION OF THE COURT
Lawrence E. Kahn, J.
In this CPLR article 78 proceeding, petitioners seek to review various acts performed by the respondents in connection with the enactment of chapter 729 of the Laws of 1980, commonly referred to as the State Occupational Safety and Health Act (SOSHA). Specifically, petitioners challenge the promulgation of 12 NYCRR Part 800. Further, they challenge the denial of a Freedom of Information Law request to examine a set of the occupational safety and health standards for public employees. Finally, they also challenge the promulgation of the record-keeping requirement pursuant to said rules and regulations without prior resort to a rule-making proceeding.
Initially, this court determines that petitioners have standing. “The general rule of law is that a political *216 subdivision of the State may not challenge the constitutionality of an act of the State Legislature restricting its governmental powers” (Town of Black Brook v State of New York, 41 NY2d 486, 488). However, that general statement is not applicable to the case at bar in that neither the validity of the statute, nor a limitation on municipal powers is involved herein. The trend has been to expand the doctrine of standing so as to have claims determined on their merits. In this regard, the school district petitioners have standing. “The right of a local Board of Education to sue the State Commissioner of Education has frequently been upheld including actions involving the question of constitutionality of State statutes.” (Board of Educ. v Allen, 20 NY2d 109, 118; see, also, recent cases granting standing, i.e., Erie County v Whalen, 44 NY2d 817; Matter of Jeter v Ellenville Cent. School Dist., 41 NY2d 283; Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1.) Finally, section 27-a (subd 4, par c) of the Labor Law specifically authorizes persons adversely affected to commence an article 78 proceeding within 30 days after the effective date of any such standard. Petitioners herein are precisely those entities directly affected by the promulgation of the standards, and have alleged that they are adversely affected thereby. As such, they are granted standing by the above section of the Labor Law.
Section 27-a (subd 4, par a) of the Labor Law provides in pertinent part that “The commissioner shall by rule adopt all safety and health standards promulgated under [Federal OSHA] which are in effect on the effective date of this section, in order to provide reasonable and adequate protection to the lives, safety and health of public employees”. Petitioners herein assert that this statute does not mandate that the Industrial Commissioner adopt all Federal OSHA standards, but rather, that he scrutinize those standards and adopt only standards which he finds to be reasonable and practicable. In support of their position, they assert that on the floor of the New York State Assembly, one of the prime sponsors of this legislation specifically indicated during debate that the intent of the legislation was to provide the commissioner with discretion. However, Governor Carey’s memorandum of approval for this bill, *217 dated June 30, 1980, specifically stated that the above section requires adoption of all currently effective standards, and “makes no provision for discretion whereby the Commissioner could choose between those which may be applicable to the public sector and those which may not.” (NY Legis Ann, 1980, pp 285-286.) Thus, two elected officials have provided varying interpretations of the statutory language.
In interpreting vague statutory language, reference to a sponsor’s statements as to the purpose for the creation of the legislation is not prohibited. (See Uniformed Firefighters Assn. Local 94, IAFF, AFL-CIO v Beekman, 52 NY2d 463.) However, in the case at bar, the language of the statute, notwithstanding its interpretation by a sponsoring Assemblyman, is free from ambiguity and expresses precisely and exactly the intent of the statute. It requires the Commissioner to adopt all Federal safety and health standards. Where the language of the statute is free from such ambiguity, resort may not be had to other means of interpretation (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76). This court determines that the Industrial Commissioner had no discretion in his promulgation of those rules and regulations required pursuant to the above section of the Labor Law. Further, even if the commissioner did have such discretion, a decision to adopt all of the existing Federal standards is not arbitrary or capricious and accordingly, must be sustained in any event. (Grossman v Baumgartner, 17 NY2d 345.) Thus, petitioner’s contention that 12 NYCRR Part 800 is invalid, is without merit.
Having determined that its promulgation is valid, this court now turns to the question of whether the regulations may properly be incorporated by reference, or whether said regulations must be filed with the Secretary of State in their entirety and set fully forth in the Official Compilation of the Rules and Regulations of the State of New York. Section 8 of article IV of the New York State Constitution provides that “No rule or regulation made by any state department * * * except such as relates to the organization [of] internal management * * * shall be effective until it is filed in the office of the department of state. The *218 legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.” In adopting the Federal OSHA standards, the Industrial Commissioner did so by incorporating “all of the standards in parts 1910 and 1926 of title 29 of the Code of the Federal Regulations in effect on December 27, 1980” by reference and without setting forth same in their entirety (12 NYCRR 800.3).
This attempt at incorporation by reference is not permitted under section 8 of article IV of the State Constitution. “The Constitution, in the clearest of language, requires that every rule and regulation made by board, bureau, officer, authority or commission * * * be filed in the office of the Department of State if it is to be effective. We know that underlying the provision was the desire to have all rules and regulations affecting the public filed in one, easily available, central place. We should not strive to read exceptions into the section or construe it so as to permit the official in charge of the bureau, commission or authority to avoid the necessity of filing *** The spirit and design of the constitutional provision are best effectuated by requiring the administrator, if he wishes the rules and regulations of his agency or department to be effective, to file them no matter what label is assigned to them.” (People v Cull, 10 NY2d 123, 129; see, also, Whiting v Marine Midland Bank — Western, 80 Misc 2d 871, 878, wherein the court required the filing and publication of rules and regulations of the Commissioner of Mental Hygiene relating to the medical administrative procedures for admission to State hospitals.)
Further, respondents’ arguments that the Federal standards adopted are public records and thus available through the Code of Federal Regulations, or from the Commerce Clearing House Reprints are not persuasive. The fact that a consultation service has been required to be set up by the Department of Labor to assist persons to determine what standards are applicable to a given location is ample evidence of the confusion which surrounds the entire process relating to the failure to publish those specific portions of the Federal OSHA standards which are now applicable to the public sector.
*219 Finally, having determined that the rules and regulations must be published, this court need not pass upon the question of the freedom of information request heretofore made by the New York State School Boards Association, Inc., as said issue will be made moot by the required publication. However, it must be noted that by letter dated March 2,1981, the Committee on Public Access to Records determined that respondents must provide a copy of the “express terms” of any proposed or adopted rule, and that petitioners were entitled to have their request fulfilled. “Since the Committee on Public Access of Records is the administrative agency charged with oversight of the Freedom of Information Law (§ 88, subd 9), its interpretation of the statute, if not irrational or unreasonable, should be upheld” (Matter of Sheehan v City of Binghamton, 59 AD2d 808, 809).
Finally, petitioners challenge respondent, Department of Labor’s record-keeping requirements as exceeding the limits of the powers imposed pursuant to section 27-a (subd 5, par f) of the Labor Law, and further, that they were promulgated in violation of the procedures required therefore. While it is admitted that a rule-making proceeding was not initiated prior to promulgation, such a proceeding has now been commenced pursuant to section 29 of the Labor Law and subdivision 1 of section 202 of the State Administrative Procedure Act. As such, the third cause of action asserted by petitioners is not yet ripe for determination. Upon completion of the present ongoing proceeding, the petitioners may renew their objections thereto if they be so advised.