In the Matter of NEW YORK STATE COALITION OF PUBLIC EMPLOYERS et al., Respondents-Appellants, v NEW YORK STATE DEPARTMENT OF LABOR et al., Appellants-Respondents.

Third Department, November 4, 1982

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (John Q. Driscoll* and *William J. Kogan* of counsel), for appellants-respondents.

*McGivern, Shaw & O'Connor (Henry F. Sobota* of counsel), for respondents-appellants.

KANE, J.

This CPLR article 78 proceeding concerns the validity of administrative actions performed in connection with the establishment of what is commonly referred to as the State Occupational Safety and Health Act (Act).* This Act, which seeks to provide safety and health standards for public employees, states, *inter alia,* that: "a. The [industrial] commissioner shall by rule adopt all safety and health standards promulgated under the United States Occupational Safety and Health Act of 1970 (Public Law, 91-596) which are in effect on the effective date of this section [December 27, 1980], in order to provide reasonable and adequate protection to the lives, safety and health of public employees and shall promulgate and repeal such rules and regulations as may be necessary to conform to the standards established pursuant to such act." (Labor Law, § 27-a, subd 4, par a.)

Pursuant to the authority granted in the above-quoted subdivision, the Industrial Commissioner (commissioner) published a notice in the State Register on December 31, 1980 of "Proposed Agency Action". The notice proposed the addition of 12 NYCRR Part 800, which provided in pertinent part: "800.3 Adoption of standards. The Industrial Commissioner adopts, as the standards for the protection of the safety and health of public employees, all of the standards in Parts 1910 and 1926 of title 29 of the Code of Federal Regulations in effect on December 27, 1980, *which standards are incorporated in this section by reference as if fully set forth."* (12 NYCRR 800.3; emphasis added.)

Upon publication of the notice, petitioners, who are organizations of public employers, requested from the State Department of Labor (department) the full text of the proposed regulations. Copies of 29 CFR Parts 1910 and 1926 (Occupational Safety and Health Act regulations [Federal OSHA]) were supplied. Correspondence between

---

* We note that, insofar as the issues raised by petitioners require us to pass upon the validity of the regulations themselves, this article 78 proceeding must be converted to an action for a declaratory judgment (*Erie County v Whalen,* 57 AD2d 281, 282, affd 44 NY2d 817; see, also, *92-07 Rest. v New York State Liq. Auth.,* 80 AD2d 603, 604).

petitioners and the department followed in which petitioners sought to have defined for them the particular Federal OSHA regulations which became effective on December 27, 1980 and were applicable to public employers within New York. The department refused to comply with petitioners' requests and also refused to release similar information requested by petitioner New York State School Boards Association (NYSSBA) under the Freedom of Information Law (Public Officers Law, art 6).

Petitioners then commenced the instant proceeding seeking, *inter alia,* (1) to have NYSSBA's Freedom of Information Law request granted; (2) to have 12 NYCRR Part 800 annulled; (3) to have the text of any and all rules promulgated filed with the Secretary of State; (4) to have the commissioner adopt only Federal OSHA standards necessary "to provide reasonable and adequate protection" for public employees (Labor Law, § 27-a, subd 4, par a); and (5) to have any record-keeping regulations annulled.

In due course Special Term held that: (1) all Federal OSHA regulations were to be adopted by the commissioner due to the statutory mandate of subdivision 4 of section 27-a of the Labor Law and, in any event, because adoption of all such regulations was not arbitrary; (2) the entire text of the regulations must be filed as adopting regulations by incorporation by reference to Federal regulations was impermissible; (3) the Freedom of Information Law request will be made moot by the filing and publication of the regulations; and (4) because a rule-making proceeding has been initiated with regard to record-keeping regulations, a determination of the enforceability of any such regulations is not yet ripe for judicial review (110 Misc 2d 215). The present cross appeals ensued.

Initially, we address petitioner's argument that subdivision 4 of section 27-a of the Labor Law did not require the commissioner to adopt all Federal OSHA standards, but only those standards found to be applicable to public employers. Specifically, petitioners argue that the commissioner has exceeded his authority by adopting regulations that are vague and by adopting record-keeping regulations and other regulations applicable only to specified industries. There is considerable merit to petitioner's assertion,

since Federal OSHA regulations not only rival the Internal Revenue Service regulations in complexity but contain regulations which by their very terms are applicable only to specific "industries" (see, e.g., 29 CFR 1910.264 [b] [laundry]; 29 CFR Part 1910, Subpart R [pulp, paper and paperboard mills]) or "commercial operations" (see 29 CFR Part 1910, Subpart T [diving and related support operations]).

Additional support for petitioner's contention can be found in section 27-a which speaks in terms of the "development and enforcement of occupational safety and health standards with respect to *public employers and employees*" (Labor Law, § 27-a, subd 3, par c; emphasis added) and which directs the commissioner to adopt Federal OSHA regulations "in order to provide reasonable and adequate protection to the lives, safety and health of *public employees*" (Labor Law, § 27-a, subd 4, par a; emphasis added).

Despite the obvious merit to petitioner's argument that section 27-a gave the commissioner the discretion in promulgating regulations thereunder to redact those portions of Federal OSHA standards found not applicable to public employers, the interpretation placed on the statute by the commissioner should be accepted if it is not irrational or unreasonable (*Matter of Lumpkin v Department of Social Servs. of State of N. Y.,* 45 NY2d 351, 356, app dsmd 439 US 1040). It cannot be said, absent an express limitation in section 27-a, that it was irrational to adopt all Federal OSHA standards. In particular, we note that although Federal OSHA regulations present public employers with a vast body of regulations to sift through, the Legislature has made the public employers responsible for determining which standards of the Federal OSHA regulations are applicable to the work place in question (Labor Law, § 27-a, subd 3, par a, cl [2]; see, also, *Anning-Johnson Co. v United States Occupational Safety & Health Review Comm.,* 516 F2d 1081, 1084).

We next turn to petitioner's assertion that adopting State regulations by incorporation by reference to existing Federal regulations is impermissible. Section 8 of article IV of the New York State Constitution provides: "No rule or regulation made by any state department * * * [or]

officer * * * shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws." The text of the Federal OSHA regulations is not included in the regulation in question and is not on file and thus prevents compilation of the "exact content" of the regulations in a " 'common' and 'definite place' ", which the Court of Appeals determined to be a primary purpose of section 8 of article IV (*People v Cull,* 10 NY2d 123, 128; see, also, Executive Law, § 102; State Administrative Procedure Act, § 203). Accordingly, Special Term's determination of this issue must be affirmed.

Petitioners further argue that the subject regulations are invalid to the extent they incorporate record-keeping requirements. Specifically, petitioners assert that record-keeping requirements are not standards within the meaning of Federal OSHA regulations, that the commissioner was empowered by subdivision 4 of section 27-a of the Labor Law to adopt only safety and health standards, and, further, that record-keeping regulations were not exempted from rule-making procedures as the health and safety standards were (Labor Law, § 27-a, subd 4, par b) and no such procedures have been concluded.

We agree. Although "standard" is not defined in the statutory enactment, the Federal OSHA regulations state that " 'Standard' means a standard which requires conditions, or the adoption or use of one or more practices, means, methods, operations, or processes, reasonably necessary or appropriate to provide safe or healthful employment and places of employment." (29 CFR 1910.2 [f]; see, also, US Code, tit 29, § 652, subd [8].) It is difficult to characterize record keeping as a practice, operation, process, etc., that fits within this definition of "standard"; rather, record keeping is an "enforcement or detection procedure designed to further the goals of the [legislation]" (*Louisiana Chem. Assn. v Bingham,* 657 F2d 777, 782).

Accordingly, since the exemption from rule-making procedures granted in section 27-a (subd 4, par b) of the Labor Law applies only to "safety and health standards", the record-keeping regulations, which are not standards, are subject to rule-making proceedings (see Labor Law, § 29).

We note that although the commissioner's adoption of record-keeping regulations was not authorized by subdivision 4 of section 27-a of the Labor Law, which speaks only in terms of standards, the commissioner may well be empowered to issue such regulations pursuant to subdivision 11 of section 21 of the Labor Law.

Petitioners also offer several arguments in support of their contention that NYSSBA's Freedom of Information Law request was proper and was, therefore, wrongfully denied. Special Term found that the filing and publishing of the regulations will render the Freedom of Information Law request moot. Since the filing and publishing of the subject regulations will provide NYSSBA with the information it is seeking, we agree with Special Term.

Finally, petitioners argue that the rules adopted by the commissioner were promulgated improperly because the notice given was vague and, thus, denied them an opportunity to comment on the proposed regulations as required by subdivision 2 of section 202 of the State Administrative Procedure Act. The filing and publishing of the regulations will provide petitioners with the opportunity to comment they seek. Thus, petitioners' argument will be made moot by the filing of the regulations.

The judgment should be modified, on the law, by adding thereto a provision that record-keeping regulations must be issued pursuant to the commissioner's general power to issue regulations and in accordance with rule-making procedures contained in section 29 of the Labor Law, and, as so modified, affirmed, without costs.

MAHONEY, P. J., SWEENEY, WEISS and LEVINE, JJ., concur.

Judgment modified, on the law, by adding thereto a provision that record-keeping regulations must be issued pursuant to the commissioner's general power to issue regulations and in accordance with rule-making procedures contained in section 29 of the Labor Law, and, as so modified, affirmed, without costs.