■ In the Matter of CITY OF NEW YORK et al, Appellants, v COMMISSIONER OF LABOR et al., Respondents. [954 NYS2d 72]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered February 15, 2011, which

denied the petition seeking annulment of a decision of respondent State Industrial Board of Appeals upholding three notices of violation issued by the Public Employee Safety and Health Bureau of the New York State Department of Labor against three juvenile detention centers, and dismissed the proceeding, unanimously affirmed, without costs.

We agree with petitioners that the question at issue, whether the provisions of the Workplace Violence Prevention Act (WVPA) (Labor Law § 27-b) are "specific standards" that precluded the Department of Labor from issuing citations based on the General Duty Clause (Labor Law § 27-a [3]) of the Public Employee Safety and Health Act, is one of pure statutory interpretation subject to de novo review, and not one requiring deference to the special expertise of the agency (*see Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]).

Nevertheless, the CPLR article 78 court properly found that the statutory provisions are not specific standards within the meaning of Labor Law § 27-a (4) (b), which requires that such standards must be duly enacted and promulgated regulations (*see Matter of New York State Coalition of Pub. Employers v New York State Dept. of Labor*, 89 AD2d 283, 287 [3d Dept 1982], *affd* 60 NY2d 789 [1983]).

Further, the court was correct in concluding that the WVPA provisions—the implementing regulations of which had not been enacted at the time of the subject citations—did not take precedence over the General Duty Clause under established principles of statutory interpretation. The WVPA provides a general mechanism for, inter alia, evaluating the risk of workplace violence and creating employer plans to address it. The statutory language does not support the conclusion that the statute—especially prior to enactment of implementing regulations—was intended to preempt the affirmative obligation that the General Duty Clause imposes on employers to provide a workplace free from recognized hazards that are causing or likely to cause death or serious physical injury, and with reasonable and adequate protection to employees' lives, safety and health. Thus, Supreme Court properly concluded that the two statutes are not inconsistent here and can both be given effect when they stand together (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 397). Concur—Tom, J.P., Andrias, Saxe, Acosta and Freedman, JJ.