Matter of NYC Org. of Pub. Serv. Retirees, Inc. v Campion (2022 NY Slip Op 06641)

Matter of NYC Org. of Pub. Serv. Retirees, Inc. v Campion

2022 NY Slip Op 06641

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Oing, Moulton, González, JJ. 

Index No. 158815/21 Appeal No. 16722 Case No. 2022-01006 

[*1]In the Matter of NYC Organization of Public Service Retirees, Inc., et al., Petitioners-Respondents-Appellants,
v
Renee Campion et al., Defendants-Appellants-Respondents.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Richard Dearing of counsel), for appellants-respondents.
Walden Macht & Haran LLP, New York (Jacob S. Gardener of counsel), for respondents-appellants.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered on or about March 3, 2022, which, to the extent appealed from, granted the petition to the extent of allowing New York City retirees to have the option of opting out of the Medicare Advantage Plan, enjoining respondents from passing along any costs of the retirees' current plan to the retirees or their dependents except where such plan rises above the H.I.P-H.M.O threshold provided by Administrative Code of City of NY § 12-126, and requiring respondents to ensure that all retirees and their dependents pay the deductible for only one plan for the calendar year 2022, and denied respondents' motion to dismiss the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The issue raised on this appeal is one of pure statutory interpretation subject to de novo review, and not one requiring deference to the special expertise of respondent agency (see Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]; Matter of City of New York v Commissioner of Labor, 100 AD3d 519, 520 [1st Dept 2012]). Administrative Code § 12-126 (b) (1) provides: "The city will pay the entire cost of health insurance coverage for city employees, city retirees, and their dependents, not to exceed one hundred percent of the full cost of H.I.P.-H.M.O. on a category basis."
The court correctly determined that Administrative Code § 12-126 (b) (1) requires respondents to pay the entire cost, up to the statutory cap, of any health insurance plan a retiree selects. This interpretation comports with the plain language of the provision as well as its legislative history (see Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120 [2012]). Nothing in the statutory text or history supports respondents' interpretation that the provision is satisfied so long as they pay for the costs of one of the health insurance plans offered to retirees, which they have determined to be the Medicare Advantage Plus Plan.
Respondents' contention that they are not required to pay the full cost of $192 per month for the retiree petitioners' current plan, Senior Care, because that cost exceeds the full cost of H.I.P.-H.M.O. "on a category basis" is improperly raised for the first time on appeal. This argument does not raise solely a question of statutory interpretation that may still be addressed (see Aldrich v Northern Leasing Sys., Inc., 168 AD3d 452 [1st Dept 2019]), but involves factual issues that cannot be determined on this record (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408-409 [1st Dept 2009]). Further evidence is necessary to determine, for example, the meaning of the phrase "on a category basis" and whether, as argued by respondents, coverage for Medicare-eligible individuals constitutes a "category" and costs only $7.50 per month.
We have considered respondents' remaining [*2]arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022