Fuld, J.
The defendant was apprehended for driving on a state highway at 46 miles an hour in a zone where the State Traffic Commission had announced, by a so-called “ order ”, that the speed should not exceed 35 miles. He was charged with a violation of section 56, subdivision 4, of the former Vehicle and Traffic Law which renders such driving unlawful. His conviction by a justice of the peace was reversed by the county court upon the ground, specifically raised by the defendant, that the commission’s order imposing the speed limitation had not been filed with the Department of State as required by a provision of the State Constitution. The People appeal by leave of the Chief Judge.
In 1939, there was added to the Constitution section 8 of article IV to provide that “ No rule or regulation made by any *126 state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws. ’ ’
We are called upon to decide, first, whether the State Traffic Commission had authority to establish a speed limit by “ order ”, rather than by “ rule ” or“ regulation ”, and, second, whether, in any event, the so-called order amounted to a rule or regulation under the constitutional provision so that failure to file prevented it from being “ effective ”.
The ‘ ‘ order ’ ’ was promulgated in 1954. At that time, the Vehicle and Traffic Law contained no provision for establishing speed limits by means of orders. Under the title, ‘ ‘ Speed and Parking Regulations ”, section 95-c, subdivision 1, of article 7 of the statute authorized the commission to establish, on state highways outside of towns and villages, speed limits higher or lower than the statutory 50-mile maximum. Section 95-h empowered the commission to adopt such ‘ ‘ rules and regulations ” as it deemed necessary to carry out “ the provisions of this article ”. It is the successor statute to section 95-c— section 1620, enacted in 1957—which permits the commission to fix speed limits “ by order, rule or regulation ”. There was, therefore, at the time the order here in question was promulgated, no statute empowering the commission to restrict the speed of automobiles on state highways other than by way of a rule or regulation. In other words, there was no statutory authorization for an “ order ” as such.
In any event, though, it should be treated as a rule or regulation. The term, ‘1 rule or regulation ’ ’, has not, it is true, been the subject of precise definition, but there can be little doubt that, as employed in the constitutional provision, it embraces any kind of legislative or quasi-legislative norm or prescription which establishes a pattern or course of conduct for the future. The label or name employed is not important and, unquestionably, many so-called “ orders ” come within the term. (See, e.g., Revised Record of Constitutional Convention of 1938, Vol. 2, *127 p. 943 et seq.; see, also, Wirtz v. Lobello, 1 A D 2d 416; 1 Benjamin, Administrative Adjudication [1942], p. 315; cf. Mogis v. Lyman-Richey Sand & Gravel Corp., 189 F. 2d 130, 190 F. 2d 202, cert. den. 342 U. S. 877.)
Thus, in 1938, in discussing the proposed new section 8 of article IV, which was ultimately adopted, members of the Constitutional Convention referred to orders, rules and regulations as synonymous terms (Revised Record, op. cit., pp. 948, 949, 963, 966). Indeed, to show the need for filing such documents in a “ central place,” one member cited difficulties in obtaining orders issued by the Department of Agriculture relating to the price of milk (pp. 941-942). And, in the Wirtz case (1 A D 2d 416, supra),. orders setting minimum wage standards were denominated rules or regulations effective only upon filing with the Department of State as the Constitution required. Furthermore, since the adoption of the constitutional provision in 1939, various state departments and agencies have filed all kinds of quasi-legislative orders, in addition to rules and regulations specifically so labeled, with the Department of State. (See, e.g., N. Y. Off. Comp. of Codes, Rules & Regulations [1945], Vol. 2, p. 965 et seq.; Vol. 3, p. 881 et seq.; Vol. 4, p. 483 et seq.; 1 NYCRR 20.1-28.1; 4 NYCRR 80.1-85.5.)
That the order of the State Traffic Commission here involved falls in the legislative or quasi-legislative category can hardly be doubted. In fixing a speed limit on a state highway, it quite plainly establishes a general course of operation .to be effective for the future and by that token comes within the scope of the “ rule or regulation ” filing requirement of the Constitution.
The district attorney argues, however, that the only purpose of article IV, section 8, is to give notice to the public of the rules and regulations of state bureaus and commissions and that, since the public has notice of speed limits by means of highway signs and markers, the constitutional requirement does not apply to rules or regulations which establish such restrictions.
It is true that the public is apprised of speed limits by means of highway signs and that, in their absence, motorists may not be found guilty of exceeding the speed permitted. (Cf., e.g., People v. Corwin, 304 N. Y. 362, 366.) And, of course, in accordance *128 with the last sentence of article IV, section 8 —that the Legislature may provide for the speedy publication of these rules by appropriate laws — the Legislature may, and in many instances does, require some kind of publication or other notice, apart from filing, before such rules become operative. But it was obviously the intent of the members of the Constitutional Convention that, regardless of any such legislative requirements, the rules were not to be effective unless filed with the Department of State. As one of the delegates remarked (Revised Record, op. tit., p. 968), “ we are trying to place the information in one place, where anybody who seeks it shall be able to find it. We do not take away the power from the Legislature to modify it in any respect it may see fit as to its effective date. We do provide it shall never become effective unless it is filed. ’ ’
As is apparent, therefore, notice was not the only purpose of the constitutional provision. Because of the “ever-increasing body of administrative law,” with constantly new and changing regulations, it was equally important that a “common” and “ definite place ” be provided where the exact content of such rules and regulations, including any changes, might be found. In other words, a ‘ ‘ central ’ ’ place was needed ‘ ‘ where * * * anyone may examine in that one place what the law or rule is that has been enacted affecting his particular interest.” (Revised Record, op. tit., p. 947, per Senator Wagner; see, also, pp. 942, 950, 964, 968,1429; Harris, Administrative Practice and Procedure, 6 Okla. L. Rev. 29, 35.) Otherwise, in a case such as the present, a failure to file, though it would not leave a motorist in ignorance of a posted speed restriction, would prevent him—for instance, following a charge — from examining the contents of the rule establishing such limitation in order to determine its legality, effectiveness or accuracy.
The importance of the requirement of filing is further evidenced by the circumstance that local communities, such as villages and cities, even though they post speed signs, are usually required, before traffic rules may become effective, to file them with the village or city clerk. (Village Law, § 95; General City Law, § 20, subd. 32; see, also, Cherubino v. Meenan, 253 N. Y. 462, 467.) And, so far as state highways are concerned, the Department of State is the comparable central filing *129 place. It should be noted, moreover, that other state bodies, such as park commissions and bridge authorities, which have power to regulate vehicular speeds in specified areas, file their speed regulations with the Department of State. (See, e.g., N. Y. Off. Comp, of Codes, Rules & Regulations [1945], Vol. 1, pp. 498, 512; Vol. 2, pp. 952, 983, 989. And cf. Hotch v. United States, 212 F. 2d 280, 284, dealing with comparable Federal legislation, viz., Federal Register Act of 1935 [TI. S. Code, tit. 44, § 301 et seq.] and the Federal Administrative Procedure Act of 1946 [U. S. Code, tit. 5, §§ 1002, 1003, subd. (a)]).
The Constitution, in the clearest of language, requires that every rule and regulation made by board, bureau, officer, authority or commission—“ except such as relates to the organization or internal management ” of such office or agency—be filed in the office of the Department of State if it is to be effective. We know that underlying the provision was the desire to have all rules and regulations affecting the public filed in one, easily available, central place. We should not strive to read exceptions into the section or construe it so as to permit the official in charge of the bureau, commission or authority to avoid the necessity of filing by attaching the label “ order ” or “ statement of policy ” or some other term to what is essentially a rule or regulation. The spirit and design of the constitutional provision are best effectuated by requiring the administrator, if he wishes the rules and regulations of his agency or department to be effective, to file them no matter what label is assigned to them.
The order of the County Court dismissing the information should be affirmed.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Order affirmed.