**William YARETSKY et al., Plaintiffs,**

**and**

**Mary Foley et al., Plaintiffs-Intervenors,**

**v.**

**Barbara BLUM et al., Defendants.**

**No. 76 CIV. 3360.**

United States District Court,
S. D. New York.

June 30, 1978.

The Legal Aid Society, John E. Kirklin, New York City, (Joan Mangones, David Goldfarb, The Legal Aid Society, Staten Island, N. Y., of counsel), Philip M. Gassel, Legal Services for the Elderly Poor, New York City, Ellice Fatoullah, MFY Legal Services, Inc., New York City, (Charles Robert, Nassau County Law Services Committee, Inc., Hempstead, N. Y., of counsel), for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of N. Y. by Kevin J. McKay, Asst. Atty. Gen., New York City, for defendants.

*Memorandum Opinion*

MOTLEY, District Judge.

This is an action by residents of various health care facilities in New York State. They claim that the transfer procedures among the various levels of health care facilities violate their constitutional right to due process of law. Specifically, plaintiffs allege that as regards transfers to facilities offering lower levels of care, the transfer process lacks adequate criteria, fails to com-

ply with legal requirements and procedural safeguards necessary for plaintiffs' protection and deprives plaintiffs of a meaningful opportunity to contest proposed transfers and reductions in assistance. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(3) and (4).

On January 5, 1978 a preliminary injunction was issued granting certain of the relief requested by plaintiff. A class action was certified on January 11, 1978.

Plaintiffs move for partial summary judgment with respect to a pendent state law issue. They request a declaratory judgment, 28 U.S.C. § 2201, to the effect that certain memoranda issued by the Department of Health are without legal effect. Plaintiffs contend that the memoranda are actually "rules" for the purposes of the New York State Constitution and the New York State Administrative Procedure Act (SAPA). It is not disputed that the defendants have not followed the Constitution's filing requirement for rules or the rulemaking requirements of SAPA. Plaintiffs also request injunctive relief. The motion for a declaratory judgment is granted. The motion for injunctive relief is denied.

## FACTS

Between January 31, 1977 and February 11, 1977 the New York State Department of Health issued three "Hospital Memoranda" (memoranda) which were designed to assist hospitals, health related facilities (HRF) and skilled nursing facilities (SNF) in determining the appropriate level of care placement for patients in these facilities. Specifically, these memoranda establish a numerical scoring system to be used in conjunction with the pre-existing Long Care Placement Form (DMS–1). The form is a fairly detailed one on which the patient's physical and mental conditions are extensively described. The memoranda assign numerical values to certain problems experienced by the patient. If the total DMS–1 score is 180 or greater, the patient is presumptively entitled to be placed in a Skilled Nursing Facility (SNF). If the score is 60 or greater, the patient is entitled to be placed in a Health Related Facility (HRF) which provides a lower level of care than the SNF. If the score is less than 180 or 60, a doctor's certificate is required for placement in the SNF or HRF.

Plaintiffs argue that the memoranda are rules under both the New York Constitution and SAPA. Article 4, § 8 of the New York Constitution reads:

No rule or regulation made by any state department . . . except such as relates to the organization or internal management of a state department . . . shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.

SAPA § 102(2) defines "rule". The pertinent portion of the definition and the relevant exceptions are as follows:

(a) "Rule" means (i) the whole or part of each agency statement, regulation or code of general applicability that implements or applies law, or prescribes the procedure or practice requirements of any agency, including the amendment, suspension or repeal thereof . . . .

(b) Not included within paragraph (a) of this subdivision are:

(i) rules concerning the internal management of the agency which do not directly and significantly affect the rights of or procedures or practices available to the public;

\*    \*    \*    \*    \*    \*

(iv) forms and instructions, interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory;

\*    \*    \*    \*    \*    \*

Defendants make three arguments in opposition to this motion: (1) that the instant claim is not in the complaint; (2) that this court should abstain from deciding this motion; and (3) that, on the merits, the memoranda are not "rules" since they come within the exceptions of art. 4, § 8 of the Constitution and SAPA § 102(2).

The parties agree that the DMS–1 form itself is not a "rule" since it is within the "forms and instructions" exception specified in SAPA § 102(2)(b)(iv).

## SCOPE OF THE COMPLAINT

The court finds that the amended complaint is broad enough to encompass plaintiffs' claims with respect to the memoranda.

## ABSTENTION

■ Defendants suggest that this court should abstain from this question since it is, admittedly, a purely state law question, and defendants contend that the *Pullman* doctrine mandates abstention under the circumstances. *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). *Pullman* held that the federal court should abstain from deciding the state law question when that question has not yet been decided by the state courts and a decision on the question may avoid the necessity of deciding the federal constitutional issue. *Pullman*, however, is inapplicable to the instant case for two reasons: 1) the federal constitutional questions will remain to be decided regardless of the determination of the state law question and 2) the state law question is not one that requires the expertise of the state courts for its resolution.

This court may properly consider the state law question under its pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. *Pride v. Community School Board of Brooklyn*, 482 F.2d 257, 271 (2d Cir. 1973). This court, in the exercise of its discretion, holds that it should decide the state law issue. The memoranda question is an integral part of the plaintiff's substantial federal case; the state issue is not a difficult one and well within the competence of the federal courts; a decision now would serve judicial economy and the convenience of the litigants. *See generally Pride* at 272.

## THE MERITS

Various state and federal regulations establish a scheme of various levels of health care facilities. 20 C.F.R. §§ 405.124—405.128a; 10 N.Y.C.R.R. § 700.2(c)(9) and (12). Other regulations require that the patient's status be periodically reviewed to determine whether he is receiving the proper level of care. 45 C.F.R. §§ 250.18 and 250.19; 10 N.Y.C.R.R. § 730.17. N.Y. Public Health Law § 2803(1)(d) authorizes the Commissioner of Health to conduct patient assessment. The use of the DMS–1 form is authorized by 18 N.Y.C.R.R. § 505.9.

■ As contrasted with the above statutes and regulations, only the memoranda at issue assign specific *numerical values* to a patient's condition to effectuate the patient assessments. This court holds that the memoranda are, in actuality, "rules" when viewed in light of the purposes and language of the Constitution and SAPA.

Under SAPA § 102(2)(a), the memoranda would appear to "prescrib[e] the procedure or practice requirements of" the Department of Health. Although the Department argues that the memoranda are merely "forms and instructions" or "interpretive statements . . . which in themselves have no legal effect", and are thus within the exceptions to the definition of "rule", SAPA § 102(2)(b)(iv), this court disagrees.

The memoranda are substantive documents. They allocate numerical values to selected physical and mental impairments and use this numerical data as a basis for determining the type of facility in which a patient will receive care. The numerical values require the application of professional medical judgment. The judgment of the Department of Health is open to challenge, and that is precisely why the memoranda should be considered "rules" under SAPA and be subject to SAPA's public hearing requirement.

Nor are the memoranda contained within the other exception to the definition of "rule" cited by defendant, SAPA § 102(2)(b)(i): "rules concerning the internal management of the agency which do

not directly and significantly affect the rights of . . . the public . . ." The numerical values attached to a patient's condition do, in the judgment of this court, significantly affect the rights of the public, i. e. the rights of patients who are subject to transfer among the state's health facilities.

Important support for this court's viewpoint is found in the opinion of the Administrative Regulations Review Committee of the Assembly of the State of New York. By letter dated July 14, 1977 the co-chairmen of that committee wrote to Dr. Robert P. Whalen, Commissioner of Health, to advise him that in the Committee's opinion, the memoranda are truly rules and should be promulgated in accordance with SAPA.

If the memoranda are rules for the purpose of SAPA, they are, *a fortiori*, rules for the purpose of art. 4, § 8 and must be filed with the Secretary of State before taking effect.

The New York Court of Appeals has held that a main purpose of art. 4, § 8 of the Constitution is to assure that all rules of state agencies can be found in a central location for the convenience of the public. *People v. Cull*, 10 N.Y.2d 123, 218 N.Y.S.2d 38, 42, 176 N.E.2d 495 (1961). Quite clearly, if a patient wishes to contest a transfer to another facility, the most relevant documents would be the memoranda at issue which provide a detailed breakdown of the point system. The memoranda should be filed with the Secretary of State so that they can be easily located.

Another purpose of art. 4, § 8 is to put the public on notice that certain rules exist. *People v. Stock*, 88 Misc.2d 1058, 390 N.Y. S.2d 367, 369 (Dist.Ct. Nassau Co.1976). The standards under which patients may be transferred are of vital interest to these patients and their families. They are entitled to notice of the memoranda through compliance with art. 4, § 8.

Finally, in a case closely on point, it was held that department standards setting forth the admission procedures to state mental hospitals are "rules" which must be filed with the Secretary of State. *Whiting*

*v. Marine Midland Bank-Western*, 80 Misc.2d 871, 365 N.Y.S.2d 628, 636 (Sup.Ct. Cattaraugus Co.1975).

In summary, since the memoranda were not subjected to the rulemaking requirements of SAPA, and since they were not filed with the Secretary of State, the memoranda are without legal effect. *People v. Cull, supra*, 10 N.Y.2d 123, 218 N.Y.S.2d at 41, 176 N.E.2d 495.

REQUEST FOR INJUNCTIVE RELIEF

Plaintiffs seek a permanent injunction on the ground that the memoranda are without legal effect. Plaintiffs request the following provisions in the permanent injunction:

1) an order enjoining the use of the memoranda in transferring any patient from an HRF or SNF;

2) an order enjoining the defendants from relying on any recommendation based on the use of the memoranda; and

3) an order requiring the defendants to restore any patient affected by the use of the memoranda to the patient's situation before such use.

Defendants are directed to immediately comply with the rulemaking provisions of SAPA and the filing requirements of the New York Constitution. However the court declines, at this time, to grant any further injunctive relief.

An injunction prohibiting the use of the memoranda until they are properly promulgated as rules and filed with the Secretary would likely cause great confusion within the state. Furthermore, the clear requirement that the memoranda should have been promulgated as rules after public hearings, etc., must be balanced by the fact that plaintiffs have not demonstrated that the memoranda in their present form are clearly deficient or inappropriate for use as a temporary measure until proper rules have been adopted.

It is, of course, assumed that the state will proceed expeditiously in adopting the proper rules. Plaintiffs have leave to re-

new their request for an injunction in the event that defendants do not proceed promptly with the procedures for adopting the proper rules.

Submit order on notice and within five days of the filing of this opinion.