OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, without costs.
 

 Section 27-a (subd 4, par a) of the Labor Law directed the Industrial (now Labor) Commissioner to adopt by rule all safety and health standards promulgated under the United States Occupational Safety and Health Act (OSHA) which were in effect on December 27, 1980. Pursuant to this direction, the commissioner promulgated and published in the State Register a proposed rule which simply “incorporated by reference” all of the standards in 29 CFR parts 1910 and 1926. (12 NYCRR 800.3.)
 

 
 *791
 
 In this article 78 proceeding respondents contend that such incorporation by reference violates section 8 of article IV of the New York Constitution, which provides: “No rule or regulation made by any state department * * * [or] officer * * * shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.” The Appellate Division and Special Term have held that this section forbids wholesale incorporation by reference of the OSHA regulations. We agree.
 

 One of the purposes behind section 8 of article IV was to insure the existence of a common and definite place where the exact content of rules and regulations, including any changes, might be found.
 
 (People v Cull,
 
 10 NY2d 123, 128.) Apart from contravening this purpose, the rule proposed by the commissioner violates the plain language of section 8, which requires all rules and regulations to be “filed in the office of the department of state” before they become effective. The OSHA regulations have not been filed.
 

 Respondents also argue that the rule is void for vagueness because (1) it fails to specify which of the OSHA regulations were “standards” as opposed to record-keeping requirements; (2) it fails to specify which of the regulations were in effect on December 27, 1980; and (3) it adopts certain standards which are not applicable to the public sector. At such time as appellant complies with the requirement of filing and publishing the regulations, there will be no ambiguity concerning which standards are to apply in New York. Nor can we assume that appellant will choose to include regulations which have no applicability to the public sector. Consequently, it would be premature to pass on the argument that such inclusion would be void. Similarly, given our decision today, it would be pointless to pass on respondents’ contention that the procedure adopted by the commissioner deprived them of their rights under the State Administrative Procedure Act to comment on the proposed regulations.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
 

 
 *792
 
 Order affirmed, without costs, in a memorandum.