OPINION OF THE COURT
Charles F. Cacciabaudo, J.
After taking a plea of guilty to count one of the indictment but prior to sentencing thereon, defendant, Attco Metals Industries, Inc., has moved, inter alia, for withdrawal of said guilty plea and reargument on the issue of the constitutionality of ECL 27-0903.
This court is called upon to reconsider its prior decision dated January 24, 1983 which in part held the hazardous waste regulations promulgated pursuant to ECL 27-0903 to be constitutional.
Because of the recent Court of Appeals decision in Matter of New York State Coalition of Public Employers v New York State Dept. of Labor (60 NY2d 789), this court is compelled to grant reargument on the issue of the constitutionality of ECL 27-0903 which incorporates by reference Federal hazardous waste regulations. That is the sole issue that will be determined herein. This court grants such reargument at this later date, within its discretion, for good cause shown pursuant to 22 NYCRR 670.5.
*690 The prior application on the issue of the constitutionality of the statute in question was whether or not the incorporation by reference of Federal regulations was per se violative of constitutional standards. The court held that such incorporation by reference was not per se unconstitutional.
The issue raised and addressed by this court’s prior ruling of January 24, 1983 was whether the incorporation by reference of the Federal regulations was per se unconstitutional as a violation of section 16 of article III of the New York Constitution.
This court adheres to that prior ruling on that issue and nothing contained herein changes that decision which basically held that the incorporation by reference of the Federal regulations was not violative of section 16 of article III of the New York Constitution.
In the present circumstance, the court is asked to address a separate and distinct issue regarding the constitutionality of said statute’s incorporation by reference feature. That being whether or not the incorporation by reference of the Federal hazardous waste regulations in question violated section 8 of article IV of the New York Constitution.
Section 8 of article IV of the New York Constitution provides: “No rule or regulation made by any state department * * * [or] officer * * * shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations, by appropriate laws.”
The Court of Appeals in Matter of New York State Coalition of Public Employers v New York State Dept. of Labor (supra) upheld the Appellate Division and Special Term’s ruling which provided that section 8 of article IV of the New York Constitution forbids the wholesale incorporation by reference of the OSH A regulations. Therein, the Court of Appeals stated (p 791) the following: “One of the purposes behind section 8 of article IV was to insure the existence of a common and definite place where the exact content of rules and regulations, including any changes, might be found. (People v Cull, 10 NY2d 123, 128.) Apart from contravening this purpose, the rule proposed by the *691 commissioner violates the plain language of section 8, which requires all rules and regulations to be ‘filed in the office of the department of state’ before they become effective. The OSHA regulations have not been filed.”
In this court’s opinion, based on the Court of Appeals recent holding in the New York State Coalition of Public Employers case cited above, the standard to be applied, with regards to rule incorporation by reference, could not be more clear. Before any incorporation by reference will be constitutionally acceptable the exact content of the material that is sought to be incorporated by reference must be filed in the office of the Department of State.
In the present case, the Federal list of hazardous wastes incorporated by reference into ECL 27-0903 clearly has not been filed with the Department of State.
Both the District Attorney and Attorney-General have submitted memoranda in support of their position defending the constitutionality of the statute as to the incorporation by reference. They have attempted to make distinctions between the present case and the cases relied upon by the defendant for their assertion that filing of the hazardous waste list is required (People v Cull, 10 NY2d 123, supra; New York State Coalition of Public Employers v New York State Dept. of Labor, 60 NY2d 789, supra).
The distinctions revolve around the issue of the accessibility to the Federal list incorporated by reference. Their basic argument being that although the court struck down as unconstitutional the rule incorporated by reference in Cull (supra) and New York State Coalition (supra) as a violation of section 8 of article IV of the New York Constitution for failure to file the rule with the Department of State, that same problem is not present here. It is claimed that even though the list of hazardous wastes was not filed with the Department of State, the fact that such list was more readily accessible than in Cull and New York State Coalition obviates the need to have the list filed with the Department of State. Unfortunately, I cannot agree with this reasoning. The Court of Appeals has made no such distinctions in their recent handling of the matter. Neither has this court been swayed by the subtle distinctions asserted.
*692 The regulations incorporated by reference in the instant case, concededly, were more readily accessible than those in the Cull and New York State Coalition cases cited above. That being the case, in this court’s opinion, only strengthens the argument that the hazardous waste list in question should have been filed with the Department of State.
Certainly, the burden in filing the OSHA regulations was greater in the New York State Coalition case, yet the filing of said regulations was, nevertheless, mandated by the Court of Appeals.
If the list, incorporated by reference in the present situation, was more readily accessible and less cumbersome than in Cull (supra)t and New York State Coalition (supra), as asserted by the District Attorney and Attorney-General, it would have been no great burden to have had that list filed with the Department of State.
This court sees uniformity as a basic goal in the interpretation of statutes and in the applications of appellate holdings. That being the case, to have the Court of Appeals mandate that the cumbersome OSHA regulations in New York State Coalition (supra) be filed with the Department of State and then to have this court rule otherwise, where the Federal list of hazardous wastes incorporated by reference concededly was not so cumbersome and more readily accessible, would contravene this basic goal of uniformity. No contravention of this basic tenet is necessary nor warranted on these facts as presented.
Simply stated, this court interprets the holding by the Court of Appeals in Matter of New York State Coalition of Public Employers v New York State Dept. of Labor (60 NY2d 789, supra) to require that before any rule incorporation by reference can be constitutionally acceptable pursuant to section 8 of article IV of the New York Constitution, the entire text of the material sought to be incorporated by reference must first be filed with the Department of State. No further distinctions were made therein and this court will not make any now nor dilute that holding in any way.
Thus, since the list of Federal hazardous wastes incorporated by reference into ECL 27-0903 was not filed with the Department of State such incorporation by reference vio *693 lates the plain language of section 8 of article IV of the New York Constitution.
Accordingly, after reargument, based on the foregoing, this court finds the incorporation by reference of the list of Federal hazardous wastes into ECL 27-0903 to be unconstitutional.
Further, this court finds to be without merit the People’s assertion that even if the incorporation by reference in question was defective the statutory definition of hazardous waste could apply. ECL 27-0901 (subd 3) merely states a general definition of what is a hazardous waste. No specific listing of particular hazardous wastes is found anywhere in this section as required by ECL 27-0903. The general definition simply does not apprise an individual with the required notice as to exactly what is considered to be a hazardous waste.
Accordingly, the argument proposed in using the statutory definition of hazardous waste to save and uphold the constitutionality of ECL 27-0903 is denied.
The balance of defendant’s application is transferred to Honorable Kenneth Rohl, J.C.C. for Suffolk County for consideration thereon.