OPINION OF THE COURT
William C. Barrett, J.
Defendant appeals from a conviction in the Dryden Village Court for driving 51 miles per hour in violation of Vehicle and Traffic Law § 1180 (d) on New York State Route 13 in the Village of Dryden, a State highway maintained by the State. He contends that the village ordinance limiting speed on the State highway to 30 miles per hour is ineffective because the approval of the ordinance by the State Department of Transportation required by Vehicle and Traffic Law § 1684 was never filed with the Department of State. The conviction is reversed.
NY Constitution, article IV, § 8 provides as follows: “No rule or regulation by any state department, board, bureau, officer, authority or commission * * * shall be effective until it is filed in the office of the department of state.” Speed limits on State highways maintained by the State may be reduced from 55 miles per hour by a local ordinance approved in *1033 writing by the Department of Transportation. (Vehicle and Traffic Law § 1684.) The Department of Transportation may also regulate speed limits upon such highways "by order, rule or regulation” without a local ordinance. (Vehicle and Traffic Law § 1620.)
In this case the village ordinance was enacted and approved by the Department of Transportation as prescribed by Vehicle and Traffic Law § 1684. The People concede that the approval of the ordinance was never filed with the Department of State and contend that such filing is unnecessary because NY Constitution, article IV, §8 applies only to actions of the Department of Transportation taken pursuant to Vehicle and Traffic Law § 1620. The appellant argues that the written approval of a local speed limit required by Vehicle and Traffic Law § 1684 is no different than a section 1620 order which the Court of Appeals in People v Cull (10 NY2d 123) held must be filed with the Department of State. No cases have been found directly on point.
The court in Cull emphasized the public notice function of the filing requirement. (Supra, at pp 128-129.) Although it is recognized that a good argument can be made that the written approval of the local speed ordinance is technically not a "rule or regulation” of the Department of Transportation, this court is persuaded that for purposes of public notice there is no reason to distinguish the approval of a local ordinance from a direct order of the Department. There is no requirement in the Vehicle and Traffic Law or in the Village Law that the written approval of a local speed limit ordinance be filed anywhere for purposes of public notice and inspection. The rationale of the Cull decision was that all speed restrictions upon State highways should be "filed in one, easily available, central place”, whether or not another term is attached to what is "essentially a rule or regulation.” (Supra, p 129.) Accordingly, this court finds that the written approval by the Department of Transportation of the local speed ordinance of the Village of Dryden was "essentially a rule or regulation” of the Department which was required to be filed in the Department of State in order to be effective. Lacking such prior filing, this conviction cannot be sustained.
The remaining points raised on this appeal have been considered and found to be unavailing.