OPINION OF THE COURT
Barbara Howe, J.
*761 Petitioner commenced this proceeding for a writ of habeas corpus on May 1, 1996, seeking several forms of relief. For various reasons, this matter was adjourned from time to time by both parties until March 5, 1997 when it was submitted to this court. In the interim, the grounds for habeas corpus relief became moot. However, inasmuch as there remains one claim for relief which is not moot, I hereby convert this matter to a CPLR article 78 proceeding (cf., CPLR 103 [c]).
Petitioner was sentenced in 1977 in Supreme Court, Erie County, to a 15-years-to-life term of imprisonment after having been convicted of criminal possession of a controlled substance in the first degree. He was paroled on August 21, 1992.
On March 22, 1996, while petitioner was still on parole, he was arrested by the Buffalo Police Department and charged with a violation of Penal Law § 225.20, possession of gambling records in the first degree. On April 1, 1996, a parole violation warrant was issued against petitioner as a result of this arrest. The criminal charges were ultimately dismissed and the parole violation charges were then lifted.
While the criminal and parole violation charges were still pending, the Parole Board denied an application for discharge from supervision made on behalf of petitioner. The Board’s October 11, 1996 decision states that it felt petitioner could "benefit from continued supervision — he is on bail on a pending criminal charge and EMS by Parole.” The Parole Board deferred petitioner’s application for discharge for 24 months, until October of 1998. Petitioner attempted to appeal the Parole Board’s denial but was advised by letter dated February 14, 1997 that there is no administrative appeal from a denial of an application for discharge from parole.
Petitioner contends that item 9208.02 in the Parole Board’s Policy and Procedures Manual (Manual) is invalid because it has not been filed with the Secretary of State. Respondents do not deny that item 9208.02 was never filed with the Secretary of State. Based on this filing failure, petitioner asks this court to (1) vacate the Parole Board’s determination denying petitioner discharge from parole, and (2) order that petitioner be discharged from supervision. (Cf., CPLR 7803 [3] [determination affected by an error of law].)
Item 9208.02 of the Manual details the Board’s standards and procedures governing the discharge of individuals from parole or conditional release status. Respondents argue that, inasmuch as People ex rel. Allah v New York State Bd. of Parole (158 AD2d 328, 329) has expressly held that item 9208.02 *762 of the Manual "does not have the force of law” because it "was not issued pursuant to an express grant of authority” (cf. also, People ex rel. MacKelvey v New York State Div. of Parole, 138 AD2d 549), petitioner’s invalidity argument has no merit. Respondents’ argument essentially begs petitioner’s claim.
In People ex rel. Johnson v New York State Bd. of Parole (180 AD2d 914), the Appellate Division, Third Department, considered whether item 8355 of the Board’s Manual — which set forth procedures for Full Board Case Review (FBCR) of a parole revocation determination — was invalid because it had never been filed with the Secretary of State. The Johnson Court held that "the FBCR procedure provided under item 8355 affects a prisoner’s liberty interest, and the failure to file this item with the Secretary of State, pursuant to NY Constitution, article IV, § 8, renders it invalid (see, Matter of Jones v Smith, 64 NY2d 1003, 1005; see also, People ex rel. Roides v Smith, 67 NY2d 899; People v Cull, 10 NY2d 123; Matter of De Zimm v New York State Bd. of Parole, 135 AD2d 66)” (at 917).
Our Court of Appeals made clear in People v Cull (10 NY2d 123, 129, supra) that article IV, § 8 of the NY Constitution, "in the clearest of language, requires that every rule and regulation made by board, bureau, officer, authority or commission— 'except such as relates to the organization or internal management’ of such office or agency — be filed with the office of the Department of State if it is to be effective.” "The term, 'rule or regulation’, has not, it is true, been the subject of precise definition, but there can be little doubt that, as employed in the constitutional provision, it embraces any kind of legislative or quasi-legislative norm or prescription which establishes a pattern or course of conduct for the future” (supra, at 126).
In Matter of Jones v Smith (64 NY2d 1003, 1005-1006, supra), the Court of Appeals held that rules and regulations of the Commissioner of Correction governing prison disciplinary hearings were invalid because they had not been filed with the Secretary of State: "Such rules and regulations affect the entire prison population, that segment of the 'general public’ over which the Department of Correctional Services exercises direct authority, and constitute a 'kind of legislative or quasi-legislative norm or prescription which establishes a pattern or course of conduct for the future’. (People v Cull, 10 NY2d 123, 126.)”
Similarly in this case, item 9208.02 of the Parole Board’s Policy and Procedures Manual affects all parolees and conditional releases, the "general public” over which the Parole *763 Board exercises direct, supervisory authority. The item sets forth both procedural and substantive standards for discharge from a sentence, thus constituting a legislative or quasi-legislative norm or prescription which establishes a pattern or course of conduct for the future. Under such circumstances, I can see no basis on which it could be said that item 9208.02 of the Manual did not have to be filed with the Secretary of State to be effective.*
Thus, I conclude, and hereby hold, that item 9208.02 is invalid because it was not filed with- the Secretary of State, as required by law (cf., NY Const, art IV, § 8; cf. also, Executive Law § 102).
I turn then to the issue of remedy. Petitioner contends that he is now entitled to an absolute discharge from parole supervision due to the invalidity of item 9208.02 under which discharge was denied on October 11, 1996 and consideration deferred to October 1998. I cannot agree.
Unlike those cases where, for example, either parole has been revoked under invalid regulations (cf., People ex rel. Johnson v New York State Bd. of Parole, supra), or a prisoner has been found guilty under invalid regulations of having violated a prison rule, with attendant added penal consequences (cf., Matter of Jones v Smith, supra; People ex rel. Roides v Smith, 67 NY2d 899, supra), petitioner here has suffered no deprivation of freedom or additional penal consequences as a result of the present denial of discharge from his sentence. He remains at liberty, even though it is true that he is subject to certain reporting requirements and has other possible restrictions while on parole. The present denial of discharge from his sentence did not result in any added restrictions or any added loss of liberty.
Executive Law § 259-j provides that "// the board of parole is satisfied that an absolute discharge from parole or from conditional release is in the best interests of society, the board may grant such a discharge prior to the expiration of the full term or maximum term to any person who has been on unrevoked parole or conditional release for at least three consecutive years. A discharge granted under this section shall constitute a termination of the sentence with respect to which it was granted. No such discharge shall be granted unless the board of parole is satisfied that the parolee, otherwise financially *764 able to comply with an order of restitution and the payment of any mandatory surcharge previously imposed by a court of competent jurisdiction, has made a good faith effort to comply therewith.” (Emphasis added.) I believe that the standards set forth in the statute are sufficient to uphold the action of the Board in this case, notwithstanding the invalidity of item 9208.02 of the Manual. Certainly, denial of discharge at a time when new criminal charges and a possible parole revocation are still pending is well within the statutory discretion of the Board in considering whether discharge at that time is in the best interests of society.
Thus, I conclude that the actions of the Board were not affected by any error of law.
Accordingly, this proceeding must be, and the same hereby is, dismissed.

 Indeed, respondents have made no argument in this regard at all; rather, they have simply side-stepped petitioner’s invalidity claim.