**15** Moncreiffe Corporation, Respondent, v Angela Heung et al., Appellants. [740 NYS2d 321] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 24, 2001, which granted plaintiff's motion for summary judgment as to liability, denied defendants' cross motion for summary judgment dismissing the complaint, and referred issues pertaining to damages to a special referee to hear and report, unanimously affirmed, with costs.

In this action to enforce the defendants' unconditional personal guarantees of the financial obligations of Design Apparel Group, Inc. (DAG) in the event of DAG's default on a credit agreement with the Bank of East Asia, Ltd., the motion court correctly deemed defendants bound by the facts alleged in their answer, that following DAG's default and the Bank's resort to cash collateral posted by plaintiff, the Bank assigned to plaintiff all of its rights against DAG under the subject credit agreement and against defendants pursuant to their personal guarantees. Morever, the admission of a valid assignment to plaintiff of the rights sued upon is supported by the written assignment contained in the record of the Bank's rights against DAG, necessarily including the right to enforce the subject guarantees (*see, Trisingh Enters. v Kessler*, 249 AD2d 45), to plaintiff. In this connection, defendants' argument, that an issue of fact exists as to whether the Bank retained any rights against defendants to assign to plaintiff since DAG's debt to the Bank was fully satisfied by the Bank's resort to plaintiff's cash collateral posted as security for DAG's debt, is unavailing; plaintiff became automatically subrogated to the Bank's rights against defendants when it paid DAG's debt to the Bank (*see, Banco Nacional de Mexico v Ecoban Fin.*, 276 AD2d 284). Finally, defendants' equitable defenses to enforcement of their guarantees by plaintiff, as well as their defenses pertaining to the alleged unclean hands and fraud of Mervyn Law, plaintiff's principal, were properly dismissed by the motion court. Concur—Williams, P.J., Saxe, Lerner, Rubin and Marlow, JJ.