OPINION OF THE COURT
Joan A. Madden, J.
In this CPLR article 78 proceeding, petitioner Shamsell Abdil seeks an order and judgment reversing the determination of respondent New York City Housing Authority (Housing *204 Authority), dismissing her grievance to be deemed a “family member” and succeed to the tenancy of her late father.
Background
The following facts are undisputed. Petitioner seeks to succeed to the tenancy of her deceased father, Abdilla Abdil, who resided in apartment 2IE, at 255 Havemeyer Street, Brooklyn, New York (the apartment). The apartment is part of public housing owned and/or managed by respondent Housing Authority. Petitioner’s father moved into the apartment in 1991, and petitioner moved in with her father in February 1997. On May 15, 1997, petitioner gave birth to her child, Andre Green, and they both lived with petitioner’s father until he died of a heart condition on August 19, 1997.
By notice dated September 2, 1997, the Housing Authority informed petitioner that she was occupying the apartment without the benefit of a lease and was subject to eviction unless she requested a grievance proceeding. Petitioner subsequently requested a grievance proceeding, and on September 19, 1997, she met with the premises’ project manager. On September 22, 1997, the project manager denied her claim on the ground that the Housing Authority’s records revealed that in her father’s last two affidavits of income, which he filed before petitioner moved in with him, he listed himself as the sole occupant, and there was no permanent or temporary permission forms in the tenant folder.
On November 3, 1997, the Housing Authority District Director affirmed the project manager’s determination denying the grievance. Petitioner appealed and the Housing Authority held an evidentiary hearing on January 20, 2000, before Hearing Officer Julius Briller. By written decision dated January 21, 2000, Hearing Officer Briller concluded that “[u]nder the pertinent rules she [petitioner] cannot be accorded remaining family member status since the tenant never requested nor received the written permission of project management to add Grievant [petitioner] to his household.” On or about February 9, 2000, the Housing Authority confirmed the Hearing Officer’s determination dismissing the grievance, and petitioner thereupon commenced this article 78 proceeding.
The petition alleges that respondents “violated applicable law and regulations” by dismissing petitioner’s grievance, and seeks an order and judgment: (1) declaring that respondent’s determination was arbitrary and capricious, not supported by the evidence, contrary to law, an abuse of process and a denial *205 of due process; (2) reversing respondent’s determination and directing respondent to sustain the grievance proceeding; and (3) awarding petitioner the costs and disbursements of this proceeding, including reasonable attorney’s fees, pursuant to 42 USC § 1988.
Respondents’ answer asserts four separate defenses: (1) inasmuch as the petition raises a substantial evidence question, it should be transferred to the Appellate Division pursuant to CPLR 7803 (4); (2) the Housing Authority’s decision “was in accord with its own regulations, applicable federal statutes and controlling decisional law”; (3) the Housing Authority’s decision was neither arbitrary nor capricious, and was supported by substantial evidence; and (4) the child of an unauthorized occupant of a Housing Authority apartment does not gain rights to the apartment by virtue of being born while the unauthorized occupant resides there.
By interim decision and order dated July 23, 2001, this court determined that, contrary to petitioner’s position, the Housing Authority’s Management Manual does not conflict with federal regulations. Petitioner also raised an issue as to whether the management manual was promulgated in accordance with the State Administrative Procedure Act or the New York City Administrative Procedure Act. As the parties did not fully address the latter issue, the court provided an opportunity for them to do so and set a date for oral argument.
In August and September 2001, the parties submitted additional papers, and petitioner raised a further issue as to whether respondent’s management manual was promulgated in accordance with Public Housing Law § 54 (1). After several adjournments at the parties’ request, oral argument was held on November 15, 2001. At oral argument, the court requested additional submissions specifically addressing the Public Housing Law § 54 (1) issue, including whether this issue is properly before the court.
Discussion
In the instant case, the Housing Authority’s final determination, denying petitioner’s claim for family member succession rights to her father’s public housing lease following his death in August 1997, turned solely on the Housing Authority’s own “rule” as contained in its management manual, which requires a tenant to obtain written consent from the Housing Authority’s housing manager before adding a member to his or her household. Petitioner challenges the validity of this Housing *206 Authority rule as not properly promulgated pursuant to section 54 (1) of the Public Housing Law. The Housing Authority argues that any issues concerning the promulgation of the Housing Authority’s Management Manual cannot be raised in this proceeding, as those issues were not raised in the administrative proceedings.
“It is the settled rule that judicial review of an administrative determination is limited to the grounds invoked by the agency.” (Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991].) “A reviewing court, in dealing with a determination * * * which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.” (Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 913 [1977], quoting Securities & Exch. Commn. v Chenery Corp., 332 US 194, 196 [1947]; see also Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., supra; Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal, 283 AD2d 284, 288 [1st Dept 2001].)
Although the specific question of the validity of the rule was not argued before the Housing Authority, a challenge to the validity of a rule or regulation which provided the underlying basis for an agency’s determination is an issue of law properly raised in an article 78 proceeding. (See e.g., Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, 76 NY2d 325 [1990] [Court of Appeals determined the validity of a rent regulation that Division of Housing and Community Renewal (DHCR) relied on in denying petitioner’s request for a rent increase]; Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 595 [1982] [Court of Appeals invalidated Housing Preservation and Development (HPD) regulation defining the scope of a real property tax exemption, as contrary to the statute]; Matter of Eastern Pork Prods. Co. v New York State Div. of Hous. & Community Renewal, 187 AD2d 320 [1st Dept 1992] [invalidated DHCR regulation imposing overly rigid standards inconsistent with the intent and language of the statute]; Matter of Goodwin v Gleidman, 119 Misc 2d 538 [Sup Ct, NY County 1983] [invalidated HPD regulations governing the relocation of persons rendered homeless as the result of vacate orders].) Furthermore, as a general principle, pure questions of law may be *207 considered at any time, even for the first time on appeal. (Telaro v Telaro, 25 NY2d 433, 439 [1969]; Carnegie Hall Corp. v City Univ. of N.Y., 286 AD2d 214, 215 [1st Dept 2001]; Matter of Travelers Indem. Co. v Levy, 195 AD2d 35, 41-42 [1st Dept 1993].)
This court concludes that, contrary to respondent’s argument, in order for the validity of a rule to be considered in an article 78 proceeding, the rule or regulation need only have been the grounds underlying the agency’s determination; any question as to the validity of the rule need not have been raised below. In challenging the validity of the rule requiring written consent before adding a member to a household, as improperly promulgated, petitioner challenges the validity of the grounds invoked by the Housing Authority in denying her application. Thus, this issue is properly before this court.
In reviewing an administrative rule or regulation, the court’s function is a limited one. (Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, supra at 328; Ostrer v Schenck, 41 NY2d 782, 786 [1977].) “The challenger of a regulation must establish that the regulation ‘is so lacking in reason for its promulgation that it is essentially arbitrary.’ ” (Ostrer at 786, quoting Matter of Marburg v Cole, 286 NY 202, 212 [1941].) In exercising its rule-making authority, an administrative agency must abide by all constitutional and statutory procedures for promulgating rules and regulations. (See e.g. Matter of New York State Coalition of Pub. Empls. v New York State Dept. of Labor, 60 NY2d 789 [1983]; People v Cull, 10 NY2d 123 [1961].)
Here, Public Housing Law § 54 (1) requires that:
“1. An authority [i.e., New York City Housing Authority] shall file with the commissioner [of the New York State Division of Housing and Community Renewal or ‘DHCR’] a copy of any by-laws, rules and regulations and amendments thereto adopted by it from time to time, which shall become effective upon approval by the commissioner; provided, however, that if the commissioner shall fail to approve or disapprove such proposed bylaws, rules and regulations and amendments within three months after such filing, such by-laws, rules and regulations and amendments shall *208 become effective upon the expiration of such three-month period.”[1]
The Housing Authority failed to comply with the clear and express statutory mandate of Public Housing Law § 54 (1), by not filing its rules, regulations and amendments with DHCR. As such rules, regulations and amendments are not “effective” unless DHCR has approved them, the regulation in issue, absent filing with and approval by DHCR, is not effective. (Cf. Matter of New York State Coalition of Pub. Empls. v New York State Dept, of Labor, supra at 791; People v Cull, supra at 126-128.) While the Housing Authority has a broad legislative mandate to provide affordable housing to low income tenants and to promulgate rules and regulations to effectuate such mandate, by explicitly prescribing that the Housing Authority submit its rules and regulations to DHCR for approval, the Legislature intended DHCR to function as an oversight mechanism for those rules and regulations. Moreover, the presence of *209 a “fail-safe” provision in the statute in the event DHCR takes no action within three months, does not diminish the unequivocal mandate to file all rules and regulations with DHCR at the outset.
The Housing Authority does not dispute that it never submitted the rule at issue in the instant proceeding, or indeed any portion of its management manual, to DHCR for approval in accordance with the statutory mandate. Rather, the Housing Authority asserts that the management manual in its entirety consists of “policies,” as opposed to rules or regulations, which are not governed by the requirements of section 54 (1).
The entire management manual is not before this court, and this court makes no determination as to whether the management manual contains such “policies.” However, as to the specific provision at issue in this proceeding, respondents’ assertion is not persuasive. This conclusion is supported by an examination of appellate and lower court decisions, which explicitly and consistently reference the Housing Authority’s “rules” and “regulations” as contained in the management manual, and use quotations from and citations to individual provisions of the management manual when discussing the Housing Authority’s “rules” and “regulations,” and have specifically referenced as “rules” and “regulations,” those provisions at issue in this proceeding, governing family member succession rights. (See e.g. Matter of Henderson v Popolizio, 76 NY2d 972, 974 [1990] [federal regulations regarding remaining family members implemented by rules contained in the Housing Authority’s Management Manual]; Matter of Barnhill v New York City Hous. Auth., 280 AD2d 339 [1st Dept 2001] [cites to the management manual for the Housing Authority’s “operating regulations”]; Matter of Garcia v Franco, 248 AD2d 263, 264 [1st Dept], lv denied 92 NY2d 813 [1998] [refers to “Housing Authority’s rule” with citation to the management manual]; Garner v Popolizio, 171 AD2d 539, 540 [1st Dept 1991] [management manual contains the “Housing Authority’s implementing regulations,” implementing federal law regarding remaining family member status]; Gill v New York City Hous. Auth., 130 AD2d 256 [1st Dept 1987] [discusses the Housing Authority’s “rules” and “regulations” and quotes the management manual]; New York City Hous. Auth. v Winkler, 175 Misc 2d 1018 [App Term, 2d Dept 1998] [refers to the Housing Authority’s “rules” for remaining family member grievances in the management manual]; Matter of Adams v Franco, 168 Misc 2d 399 [Sup Ct, NY County 1996] [remaining family *210 member provisions of the management manual referred to as the Housing Authority’s “own rules” and “regulations”]; New York City Hous. Auth. v Shepard, 114 Misc 2d 873, 875 [Civ Ct, Kings County 1982] [remaining family members provisions in the management manual referred to as the “Housing Authority regulations”].)
Moreover, respondents are bound by the facts alleged in their answer to the petition in this proceeding. (Moncreiffe Corp. v Heung, 293 AD2d 324 [1st Dept 2002].) In their answer, respondents repeatedly use the phrase “Housing Authority’s regulations” or the word “regulations”; the words “policy” and “policies” are noticeably absent. The answer includes a “Statement of Material Facts” which discusses the several relevant “Housing Authority’s regulations,” and cites exclusively to the sections of the management manual on “Remaining Family Members” and “Changes in Family Composition,” which are annexed as exhibits to the answer. Both these sections include a provision requiring the housing manager’s written consent before a person can be added to a tenant’s household.
In the answer, respondents also rely on and submit a copy of a document signed and acknowledged received by petitioner’s father when he took possession of the apartment in 1991. This document is entitled “New York City Housing Authority Tenant Rules and Regulations” (emphasis added), and lists more than 25 separate rules and regulations. One rule is denominated by the heading “Additional Persons” and states that every tenant is required “[e]xcept for additions to the Tenant’s family resulting from births, to obtain the Housing Manager’s consent in writing before allowing any person, other than a member of the Tenant’s family listed in the Tenant’s Certificate, to take up residence in the Tenant’s apartment.”
Thus, as respondents’ answer repeatedly alleges that it is a Housing Authority rule or regulation which required petitioner’s father to obtain the housing manager’s written consent before petitioner could be added to his household, respondents are bound by these facts as alleged in the answer. (Id.)
In any event, even if the management manual does include some “policies,” the provision at issue in this proceeding is clearly a “rule” or “regulation” for the purposes of the filing requirements of Public Housing Law § 54 (1), as it constitutes “a fixed, general principle to be applied by [the Housing Authority] without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers.” (Matter *211 of Roman Catholic Diocese of Albany v New York State Dept. of Health, 66 NY2d 948, 951 [1985]; see also Matter of New York City Tr. Auth. v New York State Dept, of Labor, 88 NY2d 225, 229 [1996]; People v Cull, supra at 126; Grasso Pub. Carting v Trade Waste Commn., 250 AD2d 454, 457 [1st Dept 1998].) Although these authorities do not deal with the DHCR filing requirement under the Public Housing Law, they do interpret an analogous provision of the New York State Constitution, which mandates that all rules and regulations be filed with the Department of State before they become effective.[2] In each of these cases, the appellate court determined the identical issue raised herein, as to whether a specific “guideline” or “policy” was a rule or regulation that was not effective until filed with the statutorily designated entity.[3]
In interpreting the analogous constitutional provision, the Court of Appeals has defined a rule or regulation as “embracing] any kind of a legislative or quasi-legislative norm or prescription which establishes a pattern or course of conduct for the future.” (People v Cull, supra at 126.) Here, the Housing Authority denied petitioner’s claim for remaining family member succession rights on the ground that her father had failed to obtain the housing manager’s written consent to add her to his household. By imposing an absolute requirement for the housing manager’s written consent, the Housing Authority has promulgated a rule or regulation, as the Housing Authority’s ultimate determination is dependent on a rigid policy invariably applied across-the-board to all claims without regard to individualized circumstances or mitigating factors; any discretion on the part of the Housing Authority is removed by dictating a specific result in particular circumstances. (Cf. Matter of New York City Tr. Auth. v New York State Dept. of Labor, *212 supra at 230; Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health, supra at 951.)[4]
Thus, as a fixed general principle applied without regard to the facts and circumstances of the individual case, the written consent requirement constitutes a rule or regulation which, under Public Housing Law § 54 (1), is not effective until filed with and approved by DHCR. In view of respondents’ concession that the Housing Authority failed to file the rule with DHCR as required under Public Housing Law § 54 (1), the Housing Authority violated the plain language of section 54 (1), and the written consent rule is ineffective and unenforceable. (See e.g. Matter of New York State Coalition of Pub. Empls. v New York State Dept. of Labor, supra; People v Cull, supra.) Accordingly, respondents’ determination denying petitioner’s grievance based upon the written consent rule is hereby annulled, and the grievance is sustained, and petitioner is entitled to a lease to her father’s apartment.[5]
Accordingly, it is hereby ordered and adjudged that the petition is granted to the extent that respondents’ determination *213 denying petitioner’s grievance is annulled, and the grievance is sustained and petitioner is entitled to a lease to her father’s apartment.

. Public Housing Law § 54 (2) provides that “[a]II rules and regulations, and amendments thereto, adopted by an authority from time to time, except such as relate to its organization or internal management, shall be filed in the office of the department of state.”
In accordance with its power to promulgate rules and regulations pursuant to Public Housing Law § 19, DHCR has promulgated two state regulations which are nearly identical to the provisions of Public Housing Law § 54. The first regulation, 9 NYCRR 1601.1 (b), is entitled “Organization” of “Housing Authorities” and provides as follows: “(b) By-laws, rules and regulations of an authority. (1) An authority shall file with the commissioner a copy of any by-laws, rules and regulations and amendments thereto adopted by it from time to time. No such by-laws, rules and regulations and amendments thereto shall be effective until filed with the commissioner. (2) All rules and regulations and amendments thereto adopted by an authority from time to time, except such as related by [sic] its organization or internal management, shall be filed in the office of the Department of State. (Constitution, art. 4, §8; Public Housing Law, §54.)”
The second regulation, 9 NYCRR 1625-1.2, is entitled “Bylaws, rules and regulations; loan and subsidy contract; master management resolution,” and provides as follows: “The bylaws, rules and regulations and amendments thereto including the rules and regulations and amendments relating to the authority’s organization or internal management, the loan and subsidy contract and master management resolution set forth the basic administrative and operating procedures of an authority. Excluding the loan and subsidy contract a copy of any of the documents referred to in this section adopted by an authority shall be filed with the commissioner [DHCR commissioner] and shall become effective upon the commissioner’s approval or shall, if the commissioner fails to approve or disapprove within three months after filing, become effective. An original and duplicate copy of any material submitted under these provisions for the commissioner’s action shall be addressed to the commissioner. An authority shall also file all rules and regulations and amendments thereto except such as relate to its organization or internal management in the office of the Department of State.”

. Article IV, § 8 of the NY Constitution provides as follows: “No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, authority or commission shall be effective until it is filed in the office of the department of state. The legislature shall provide for the speedy publication of such rules and regulations by appropriate laws.”

. In accordance with the constitutional filing requirements, Public Housing Law § 54 (2) and DHCR’s regulation 9 NYCRR 1601.1 (b) (2) both mandate that the Housing Authority file its rules and regulations with the Secretary of State. However, the petitioner in this proceeding has not raised any issue as to the Secretary of State filing requirement.

. Respondents correctly assert that only one reported decision deals with the filing requirements of Public Housing Law § 54 (2) (Mount Vernon Hous. Auth. v Jordan, 120 Misc 2d 670 [Mount Vernon City Ct 1982], affd on other grounds 124 Misc 2d 886 [App Term, 2d Dept 1984].) That case is not binding on this court, and in any event it is factually distinguishable, as there the court relied on the explicit language in the state regulation 9 NYCRR 1627-6.3 (a) (8), which provided as a ground for instituting a summary proceeding, “residual single person occupancy contrary to authority’s policy on single person occupancy” (emphasis added). Moreover, on appeal, the Appellate Term held that the lower court erred in considering the Public Housing Law § 54 issue in the context of a holdover summary proceeding against the tenant, as opposed to an administrative challenge or an article 78 proceeding.

. Petitioner’s further assertion that the management manual was not. promulgated in accordance with the New York State Administrative Procedure Act is without merit. The Housing Authority is not a state “agency” as defined under section 102 of the State Administrative Procedure Act, as the Housing Authority is a public corporation which does not have any members appointed by the Governor. (See Valleylab, Inc. v New York City Health & Hosps. Corp., 228 AD2d 180, 181 [1st Dept 1996].) Pursuant to Public Housing Law § 402 (3), the Mayor of the City of New York appoints the members of the New York City Housing Authority.
The petition originally included a claim for attorney’s fees under 42 USC § 1988. The only possible federal constitutional or federal statutory claim raised in this proceeding was determined by this court’s interim order dated July 23, 2001. As petitioner did not prevail on that claim, she is not entitled to attorney’s fees under 42 USC § 1988. (1616 Second Ave. Rest. Corp. v State Liq. Auth., 207 AD2d 721, 722 [1st Dept 1994], appeal dismissed 85 NY2d 858 [1995].)