In the Matter of ALICE D. CONNELL, Appellant, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.

Third Department, February 27, 1986

274

APPEARANCES OF COUNSEL

*Richard E. Casagrande (William P. Seamon* of counsel), for appellant.

*Robert Abrams, Attorney-General (William J. Kogan* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

Petitioner, a 30-year employee with the State Department of Health at Roswell Park Memorial Institute in the City of Buffalo, executed a retirement application which was received by respondent New York State Employees' Retirement System (ERS) in April 1983. On the application, petitioner designated May 31, 1983 as the effective date of her retirement. The application form stated that the retirement could not be rescinded on or after the effective date.

Petitioner decided to rescind her retirement and sought the assistance of the personnel department at Roswell Park. A representative of that department called ERS on May 24, 1983 and informed an ERS employee that petitioner was rescinding her retirement and that a letter to that effect would follow. On May 25, 1983, petitioner signed and mailed such a letter. However, the letter was not received by ERS until June 1, 1983. ERS informed petitioner that her withdrawal of the retirement application was ineffective. Because petitioner continued working, she was reregistered by ERS as a new member of the system pursuant to Retirement and Social Security Law § 101. As a direct result of her reregistration, petitioner lost significant benefits.

Petitioner requested a hearing on the issue of whether her

attempted withdrawal of the retirement application was effective *(see,* Retirement and Social Security Law § 74). The hearing officer, as designee of respondent Comptroller, denied her request to withdraw the application, finding that the written request was untimely. Petitioner instituted the instant CPLR article 78 proceeding seeking a judgment vacating the decision and restoring all benefits lost as a result of her retirement on May 31, 1983. Special Term dismissed the petition, finding that the decision was rational and supported by legal precedent. This appeal by petitioner ensued.

Petitioner argues that the policy of ERS requiring that a retirement withdrawal be in writing is void since it was not filed with the Secretary of State in compliance with NY Constitution, article IV, § 8 and Executive Law § 102. Special Term rejected petitioner's argument, holding that while the ERS policy constituted a rule, it involved only internal management of ERS. We disagree with Special Term's holding and, accordingly, reverse the judgment.

Where a fixed, general principle is applied by an administrative agency without regard to other facts and circumstances relevant to the underlying regulatory scheme, the agency can be said to have invoked its quasi-legislative, rule-making authority and, hence, to have become obliged to file the rule or regulation with the Secretary of State *(see, People v Cull,* 10 NY2d 123). Here, the requirement that a retirement withdrawal be in writing foredooms all oral withdrawals without reference to the facts or merits of such withdrawals *(cf. Matter of Sturman v Ingraham,* 52 AD2d 882, 885). Where agency determinations are based solely on a firm, rigid, unqualified standard or policy, a quasi-legislative norm or prescription is established that carves out a course of conduct for the future *(People v Cull, supra,* p 126; *see, Matter of Jones v Smith,* 64 NY2d 1003).

The policy of ERS affects substantial rights of its members, as is dramatically demonstrated by the factual pattern before us. It cannot be doubted that if the rule requiring retirement withdrawals to be in writing had been filed with the Secretary of State, petitioner could have been able to protect retirement rights earned over three decades. Rules and regulations of the retirement system that affect a member's property interest in his or her job may not properly be said to involve matters of "organization or internal management", thus exempting them from the filing requirements of the State Constitution and the Executive Law. Such rules and regulations affect all State

employees who are members of ERS, that segment of the "general public" over which ERS exercises direct authority, and constitute a quasi-legislative norm or prescription which establishes a pattern for the future *(see, Matter of Jones v Smith, supra,* pp 1005-1006). Consequently, we hold that the ERS policy or rule relating to retirement withdrawals was required to have been filed with the Secretary of State by NY Constitution, article IV, § 8 and Executive Law § 102. Since, in the instant case, there is evidence that petitioner had her intention to withdraw her retirement orally communicated to an ERS representative prior to the effective date, and respondents stated that all material facts were uncontroverted, respondents are directed to accept petitioner's withdrawal.

KANE, WEISS, MIKOLL and LEVINE, JJ., concur.

Judgment reversed, on the law and the facts, with costs, petition granted, and respondents are ordered to rescind petitioner's retirement application and recalculate her benefits accordingly.