In the Matter of ST. JAMES NURSING HOME, Appellant, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, Respondent.

Third Department, January 21, 1988

## APPEARANCES OF COUNSEL

*Irving A. Cohn, P. C. (Irving A. Cohn* and *Allan D. Gold-stein* of counsel), for appellant.

*Robert Abrams, Attorney-General (Kathleen Liston Morrison* and *Peter H. Schiff* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J. P.

Petitioner, a residential health care facility, participates in the Medicaid program whereby it receives reimbursement through a combination of Federal and State funds for the care it renders to its covered patients. The State Department of Health is responsible for determining Medicaid reimbursement rates for facilities such as petitioner's. To determine petitioner's reimbursement rate for the period commencing January 1, 1983, petitioner was required to file a "DMS-1" form for each of the patients it treated during the period of October 1, 1981 through December 31, 1981. Such forms were

used to calculate whether facilities such as petitioner's would be classified as low, medium or high intensity facilities. The lower the intensity level the lower the resulting reimbursement rate. Based on the information petitioner provided in its DMS-1 forms, it was classified as a low intensity facility.

Upon being notified of its classification, petitioner appealed claiming that the forms it originally filed contained numerous omissions. Petitioner enclosed corrected DMS-1 forms along with medical documentation which it claimed supported an upward adjustment sufficient to merit its redesignation as a medium intensity facility. In reviewing the corrected forms, the Department made certain recalculations which, while resulting in an over-all increase in petitioner's intensity score, were not sufficient to support a change from a low to medium intensity facility.

Petitioner again appealed the accuracy of its intensity factor, apparently enclosing additional further corrected DMS-1 forms. Although not designated as such, pursuant to 10 NYCRR 86-2.14 (b) (1), this appeal appears to, in actuality, have been a request for an administrative hearing and this was the manner in which it was handled by the Department. The Department again found no basis to alter the intensity factor and also found that no issues of fact existed to warrant a hearing. Petitioner then commenced the instant CPLR article 78 proceeding seeking to, *inter alia,* annul its assignment to the low intensity factor category. Supreme Court dismissed the petition in its entirety and also denied petitioner's motion for reconsideration after concluding that it was, in effect, a motion for reargument. Petitioner now appeals.

The initial question we face concerns the fact that, in its review of petitioner's revised DMS-1 forms, the Department considered only those corrections corroborated by information on the original forms. Petitioner, in the original forms, had failed to complete both subsections 7A and 7B on certain patients' forms. Barbara A. Meilinger, the Department employee reviewing petitioner's revised DMS-1 forms, stated that in the usual case, it was not uncommon for facilities to fail to complete 7B and to answer only 7A, and that in such situations the revisions were generally accepted. This was apparently because the information in 7A corroborated that contained in 7B. However, because some of petitioner's corrections were not corroborated by the original forms, they were not accepted. This, Meilinger stated, was done in accordance

with the Department's "guidelines and policies" and "unless there was some credible support for it in the *original* DMS-1 form" (emphasis in original), a revision was not accepted. Meilinger claimed the approach was justified to prevent possible abuse and falsification of revised data and that the Department lacked the resources to look outside the original forms to confirm the corrections.

With regard to rate appeals, the Department's regulations state in pertinent part that: "An application by a residential health care facility for review of a certified rate is to be submitted on forms provided by the department and shall set forth the basis for the appeal and the issues of fact. Documentation *shall* accompany the application, where appropriate, and the department *may* request such additional documentation as determined necessary" (10 NYCRR 86-2.14 [b] [emphasis supplied]). Generally, the construction given statutes and regulations by the agency responsible for their administration will be upheld if not irrational or unreasonable *(Matter of Johnson v Joy,* 48 NY2d 689, 691; *Matter of Howard v Wyman,* 28 NY2d 434, 438). Nevertheless, an agency is bound by the language of its own regulations and cannot construe them in such a way that the plain language is rendered meaningless *(Matter of Industrial Commr. of State of N. Y. v Five Corners Tavern,* 47 NY2d 639, 646-647; *Matter of Grace Plaza v Axelrod,* 121 AD2d 799, 801).

Based on the regulatory language of 10 NYCRR 86-2.14 (b), we find the Department's failure to consider the additional documentation offered by petitioner, due to the Department's lack of personnel, to have been irrational and unreasonable. The plain language of the regulation does not afford the Department discretion as to whether it must request additional documentation, but rather that it may require a facility to supply whatever documentation is needed before rendering its decision. Additionally, petitioner asserts that the backup material it submitted to support its corrections came into existence prior to the filing of the original DMS-1 forms and therefore the problem of falsification was not present. Although a facility clearly has the responsibility to fully and accurately complete the required forms in the first instance, the decision to accept only those revisions corroborated on the initial forms severely penalizes a facility where the consequences of an imperfect filing are not apparent on the face of

the regulation. Accordingly, the matter should be remitted for a reevaluation of petitioner's intensity factor based on an assessment of the validity of all the documentation provided by petitioner.

■ As a further matter, we also reject respondent's contention that its appeal regulations do not apply in this instance because DMS-1 forms do not provide fiscal or statistical information (see, 10 NYCRR 86-2.13 [a]). It is specifically stated in 10 NYCRR 86-2.2 (d) that: "In the event that any information or data which a residential health care facility has submitted to the State Department of Health, on required reports, budgets or appeals for rate revisions intended for use in establishing rates, is inaccurate or incorrect, whether by reason of subsequent events or otherwise, such facility shall forthwith submit to the department a correction of such information or data which meets the same certification requirements as the document being corrected." The information submitted by petitioner was used in determining reimbursement rates and therefore the Department's regulations do apply.

■ Even were we to accept the argument that the Department could refuse to consider revised information not corroborated by the first forms filed, we conclude that the requirement of corroboration is a fixed principle which the Department regularly applied without reference to other facts and circumstances (see, Matter of Connell v Regan, 114 AD2d 273, 275; Matter of Fox Mem. Hosp. v Axelrod, 103 AD2d 509, 510-511). As such, the Department invoked its quasi-legislative rule-making authority and hence was obliged to file the rule with the Secretary of State in compliance with NY Constitution, article IV, § 8 (see, Matter of Roman Catholic Diocese v New York State Dept. of Health, 66 NY2d 948, 951).

■ However, we reject petitioner's claim that it was improperly denied a hearing at which to present documentation of its figure. There is no evidence in the record that it presented the Department with a statement of factual issues to be resolved as is required by 10 NYCRR 86-2.14 (b) (1).

As a final matter, in the appeal regarding the rate factor for which a hearing was denied, petitioner also sought reimbursement for the expenses of a related realty company. The full record of this matter is not before the court (see, CPLR 5526) and, accordingly, we do not address this issue.

CASEY, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment reversed, on the law, without costs, and matter remitted to respondent for further proceedings not inconsistent with this court's decision.

Appeal from order dismissed, as academic, without costs.