■ In the Matter of CENTRAL GENERAL HOSPITAL, INC., Respondent, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Conway, J.), entered July 5, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul a determination of the Department of Health regarding petitioner's 1986, 1987, 1988 and 1989 Empire Blue Cross/Blue Shield reimbursement rates.

In response to legislation enacted in 1985 and thereafter requiring excess malpractice insurance for physicians affiliated with hospitals *(see, e.g.,* L 1986, ch 266, § 18; L 1985, ch 294, §§ 19-21), the Department of Health promulgated regulations to govern and administer an excess malpractice insurance pool and determine the reimbursement to hospitals for their malpractice insurance costs *(see,* 10 NYCRR 86-1.70; part 91). Pertinent facts and the program's background can be gleaned from our decision in *Hospital Assn. v Axelrod* (113 AD2d 9, *appeal withdrawn* 68 NY2d 754). The Hospital Association of New York State, Inc. (hereinafter HANYS), as the entity designated by the Department to administer the excess malpractice insurance pool, notified petitioner in May 1988 that it was responsible for a large share of the premium for excess malpractice insurance.

Petitioner rejected the methodology used by HANYS to calculate the amount of premium for which it was responsible and calculated the amount it believed to be due for the excess malpractice insurance premium. In response to this letter, HANYS demanded that petitioner tender full payment of the amount then due by its calculation and advised that any amounts more than 30 days overdue would be subject to a " 'withholding of 10 percent of the hospital's payments from all major third party payors * * * until' " the overdue amounts were paid (10 NYCRR 91.4 [h] ).

In December 1988 and February 1989 petitioner filed separate challenges with Empire Blue Cross/Blue Shield, petitioner's third-party payor, to the 1986, 1987, 1988 and 1989 reimbursement rates for malpractice insurance set by the Department. Empire referred these challenges to the Department. In a decision letter dated September 30, 1989, the Department denied petitioner's challenges. In December 1989, while petitioner's administrative appeal was pending, the Department began imposing a 10% withholding penalty. The administrative appeal ultimately was denied and petitioner initiated this CPLR article 78 proceeding challenging the

reimbursement rates. Supreme Court granted the petition, holding, *inter alia,* that the Department arbitrarily ignored its own rules and regulations in applying a methodology to calculate petitioner's reimbursement rates. This appeal by respondent ensued.

Respondent argues that malpractice insurance costs cannot be apportioned among nongovernmental payors based on their malpractice experiences because windfalls and shortfalls would inevitably result. It contends that its method of combining the malpractice losses of all nongovernmental third-party payors and then dividing the total amount of each third-party payor by its proportion of patient days or discharges, as appropriate,* to determine the payor's reimbursement avoids the windfall and shortfall problem. Petitioner argues that reimbursement rates are to be calculated solely on the basis of payor experience as required by 10 NYCRR 86-1.70, a procedure not followed by respondent.

We agree with petitioner. Resolution of the sole issue presented herein turns on whether respondent's methodology is considered to be a rule or regulation or merely a guideline to be used as an aid in arriving at a determination. A purported guideline which is "a fixed, general principle to be applied by [the] administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers" *(Matter of Roman Catholic Diocese v New York State Dept. of Health,* 66 NY2d 948, 951) is considered to be a rule or regulation requiring filing. Here, the Department applied the payor experience methodology to compute reimbursement rates as mandated by 10 NYCRR 86-1.70 in cases where the payor was governmental (e.g., Medicaid), but applied its alternate methodology in cases where the payor was nongovernmental. It is well settled that when an agency makes a determination based on a policy directive requiring alternative methodologies, the determination made as a result of that directive is invalid *(Matter of Aurelia Osborn Fox Mem. Hosp. v Axelrod,* 103 AD2d 509, 510-511; *see also, Matter of St. James Nursing Home v Axelrod,* 135 AD2d 26, 30).

Further, because the Department determined to apply its own directive when the payor was nongovernmental, such decision is within the rule or regulation requirement of the Constitution *(see,* NY Const, art IV, § 8; Executive Law § 101-a [1] [b]; *Hospital Assn. v Axelrod,* 113 AD2d 9, *supra).* Such a

---

* The method of computing reimbursement rates changed from a per diem basis to a diagnosis basis during the period in issue.

regulatory edict must be filed with the Secretary of State to assure public awareness and compliance and is invalid in the absence of the required filing *(see, People v Cull,* 10 NY2d 123, 128-129).

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.