■ In the Matter of MORNINGSIDE HOUSE NURSING HOME COMPANY, INC., Respondent, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants. [614 NYS2d 589] —Casey, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered September 10, 1992 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul determinations by respondents establishing petitioner's 1987 through 1991 Medicaid reimbursement rates.

Petitioner, a nursing home operator which participates in the Medicaid reimbursement program, commenced this proceeding to challenge several aspects of the rate-setting methodology used by respondents to set petitioner's Medicaid reimbursement rates for the 1987 through 1991 rate years. Supreme Court granted judgment in favor of petitioner, resulting in this appeal by respondents.

Three of the four issues raised by respondents on their appeal are controlled by recent decisions of this Court. In Matter of Consolation Nursing Home v Commissioner of N. Y. State Dept. of Health (194 AD2d 149, 153-155, lv granted 83 NY2d 759), we held that the base reduction regulation, which

established an across-the-board reduction in the base price used in the computation of the direct and indirect components of the rate-setting methodology, is invalid as lacking a rational basis. In *New York State Assn. of Counties v Axelrod* (191 AD2d 932, 934, *lv dismissed* 82 NY2d 705), we held that the revised recalibration regulation promulgated in December 1991 could not be applied retroactively to the 1989 through 1991 rate years. On the issue concerning respondents' use of the 1983 base year costs with trend factors in setting petitioner's rates, Supreme Court relied upon its decision in a prior case, which held that the use of the 1983 costs trended forward each year by the national inflation percentages failed to represent the true cost of an efficiently and economically operated facility providing care and services in conformity with applicable State and Federal laws *(see, Matter of Lakeshore Nursing Home v Axelrod,* 181 AD2d 333, 336-337).

On appeal in that prior case, this Court held, *inter alia,* that "petitioners' allegations of substantive violations", which were controverted by respondents, raised questions of fact which required a hearing *(supra,* at 340). The judgment was, therefore, modified by reversing so much thereof as had granted petitioners' applications to annul the Medicaid reimbursement rates, and the matter was remitted to Supreme Court for further proceedings *(supra,* at 341). The claim involving the 1983 base year raised by the petitioners in *Matter of Lakeshore Nursing Home v Axelrod (supra)* clearly alleged a "substantive violation" and, therefore, is the subject of the pending hearing required by our remittal. The claim by petitioner in this case is identical to that raised in the *Lakeshore* case, and it is directed at both the validity of the rate-setting methodology itself and its application to petitioner. The record in this case is no more developed than the record on appeal in the *Lakeshore* case and, therefore, the same factual issues identified by this Court in *Lakeshore* exist in this case. We conclude that the appropriate remedy is to remit petitioner's claim concerning the use of the 1983 base year costs with trend factors to Supreme Court for a hearing and determination of the factual issues. To promote judicial economy, the hearing should, if possible, be conducted in conjunction with the pending hearing in the *Lakeshore* case.

Respondents' final argument concerns an income offset calculation. Because only necessary interest expense is an allowable cost *(see,* 10 NYCRR 86-2.20 [a]), the relevant regulations provide that interest expense shall be reduced or offset by investment income except for income from funded deprecia-

tion (10 NYCRR 86-2.20 [c]), which is a fund reserved for the replacement of certain property or equipment. The regulations specifically provide that interest on funds borrowed from funded depreciation is an allowable expense (10 NYCRR 86-2.20 [c] [1]). By letter dated March 14, 1988, respondents notified facilities that the treatment of interest income on funded depreciation as restricted in accordance with 10 NYCRR 86-2.20 would be subject to certain "conditions", including a provision that interest earned on funds from the funded depreciation account loaned to the general fund would be considered unrestricted and used to offset interest expense. Relying upon the conditions set forth in the letter, respondents concluded that petitioner had overfunded its depreciation account and internally borrowed the excess to fund operations. Accordingly, petitioner's reported mortgage interest expense was reduced by the interest petitioner earned on the funds it borrowed from its depreciation account and transferred to its general fund to finance operations.

Regardless of the validity of the underlying rationale for the offset, it clearly was based upon the letter, and the letter purports to attach certain conditions to the application of 10 NYCRR 86-2.20. In effect, the letter creates a fixed general principle of using certain interest earned on funded depreciation to offset interest expenses without regard to other facts and circumstances relevant to the regulatory scheme. Respondents' failure to promulgate the policy embodied in the letter as a rule or regulation renders the determination based upon that policy irrational (see, Matter of Central Gen. Hosp. v Axelrod, 169 AD2d 967; Matter of Fox Mem. Hosp. v Axelrod, 103 AD2d 509). Having concluded that respondents improperly used interest from funded depreciation to offset petitioner's mortgage interest expense, we have eliminated the only ground relied upon by respondents for using a different base year for the calculation of petitioner's investment income offset than it used for other nursing homes during the rate years in question. Accordingly, we will not disturb Supreme Court's judgment on this issue.

Cardona, P. J., Crew III, Weiss and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as enjoined respondents from using the 1983 base year costs with trend factors; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.