■ In the Matter of PLAINVIEW-OLD BETHPAGE CONGRESS OF TEACHERS et al., Respondents, v NEW YORK STATE HEALTH INSURANCE PLAN et al., Appellants, et al., Respondents. [33 NYS3d 535]—

Rose, J. Appeal from an order and judgment of the Supreme Court (Lynch, J.), entered February 7, 2014 in Albany County, which, among other things, granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a certain policy memorandum issued by respondent Department of Civil Service.

Respondent Plainview-Old Bethpage Central School District is a participating agency in respondent New York State Health Insurance Program (hereinafter NYSHIP), which is administered by respondent Department of Civil Service. On May 15, 2012, while the School District was negotiating the terms of new collective bargaining agreements with petitioners Plainview-Old Bethpage Congress of Teachers and its Clerical Unit and Teachers Unit, the Department of Civil Service issued policy memorandum No. 122r3, which limited the circumstances under which an employee of a participating

agency such as the School District may choose to decline NYSHIP coverage in exchange for a cash payment. Although the previous collective bargaining agreements had included such a buyout program, the School District took the position that the program was required to conform to the new restrictions set forth in the policy memorandum.

On December 21, 2012, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, a declaration that the policy memorandum is null and void. NYSHIP and the Department of Civil Service (hereinafter collectively referred to as the state respondents) joined issue and moved for summary judgment asserting, among other things, a statute of limitations defense. Supreme Court denied the motion, granted the petition, declared the policy memorandum null and void, and remitted the matter to the state respondents for further action. The State respondents appeal.

Contrary to the state respondents' contention, they waived their argument that petitioners lack standing to maintain this combined action/proceeding, inasmuch as they failed to raise this affirmative defense in either a pre-answer motion to dismiss or their answer (see CPLR 3211 [a] [3]; [e]; *Marcon Affiliates, Inc. v Ventra*, 112 AD3d 1095, 1095-1096 [2013]; *Kruger v State Farm Mut. Auto. Ins. Co.*, 79 AD3d 1519, 1520 [2010]; *Matter of Renee XX. v John ZZ.*, 51 AD3d 1090, 1092-1093 [2008]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242-243 [2007]; *Matter of Leonard H.*, 278 AD2d 762, 763-764 [2000], *lv denied* 96 NY2d 709 [2001]; *see also Lacks v Lacks*, 41 NY2d 71, 74-75 [1976]). Alternatively, relying on our prior decision in *Matter of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv.* (124 AD3d 1174 [2015], *lv denied* 26 NY3d 904 [2015]), the state respondents argue that petitioners' claims are barred by the four-month statute of limitations (see CPLR 217 [1]). In that case, we dismissed as time-barred the petition of another educator's union that untimely challenged the validity of the same policy memorandum as a final and binding decision of the Department of Civil Service (*Matter of School Adm'rs Assn. of N.Y. State v New York State Dept. of Civ. Serv.*, 124 AD3d at 1177-1178). Here, however, petitioners raise an argument regarding the timeliness of their challenge that was not before us in our previous decision. Specifically, petitioners contend that the statute of limitations never began to run on their claim because the policy memorandum is actually a new, formal rule governing eligibility for the NYSHIP buyout program, which is unenforceable

because, among other things, it was not filed with the Department of State in accordance with the NY Constitution and the Executive Law (*see* NY Const, art IV, § 8; Executive Law § 102 [1] [a]). Thus, the resolution of petitioners' challenge hinges on whether the policy memorandum is more properly characterized as a rule or regulation, or as an interpretive statement or general policy, which are not subject to constitutional and statutory filing requirements.

A "rule or regulation" has long been defined as "a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers" (*Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health*, 66 NY2d 948, 951 [1985]; *accord Cubas v Martinez*, 8 NY3d 611, 621 [2007]; *see Matter of Connell v Regan*, 114 AD2d 273, 275 [1986]). In contrast, interpretive statements and guidelines assist agency officials in exercising some aspect of their discretionary authority granted by existing statutes and regulations (*see e.g. Matter of Alca Indus. v Delaney*, 92 NY2d 775, 778-779 [1999]; *Matter of New York City Tr. Auth. v New York State Dept. of Labor*, 88 NY2d 225, 229-230 [1996]; *Matter of Montane v Evans*, 116 AD3d 197, 200-202 [2014], *appeal dismissed* 24 NY3d 1052 [2014]). The primary difference between a rule or regulation and an interpretive statement or guideline is that the former " 'set[ ] standards that substantially alter or, in fact, can determine the result of future agency adjudications' " while the latter simply provide additional detail and clarification as to how such standards are met by the public and upheld by the agency (*Matter of Council of the City of N.Y. v Department of Homeless Servs. of the City of N.Y.*, 22 NY3d 150, 155 [2013], quoting *Matter of Alca Indus. v Delaney*, 92 NY2d at 778; *see People v Cull*, 10 NY2d 123, 126 [1961]).

Here, the policy memorandum broadly and invariably affects "that segment of the 'general public' over which" the state respondents have authority, inasmuch as it applies to all individuals eligible for NYSHIP coverage who seek to participate in the health insurance buyout program (*Matter of Jones v Smith*, 64 NY2d 1003, 1005 [1985]; *see generally* Civil Service Law §§ 161 [1]; 163 [2], [4]). Furthermore, the pronouncement that all those who decline their own NYSHIP coverage are now ineligible for the buyout program if their alternative coverage—e.g., through a spouse—is also a NYSHIP plan, clearly reflects "a firm, rigid, unqualified standard or policy" that effectively "carves out a course of conduct for the future" (*Matter of Connell v Regan*, 114 AD2d at 275; *see People v Cull*, 10

NY2d at 127). Consequently, we find that the policy memorandum constitutes a "rule or regulation" within the meaning of NY Constitution, article IV, § 8 and Executive Law § 102 (1) (a). As such, it is invalid and without effect until it is filed with the Department of State (*see Matter of New York State Coalition of Pub. Empls. v New York State Dept. of Labor*, 60 NY2d 789, 791 [1983]; *Matter of Central Gen. Hosp. v Axelrod*, 169 AD2d 967, 968-969 [1991]; *Matter of Callanan Indus. v White*, 118 AD2d 167, 171 [1986], *lv denied* 69 NY2d 601 [1986]). As it is undisputed that the state respondents did not comply with this filing requirement, the statute of limitations never commenced to run on petitioners' claims (*see* CPLR 217 [1]; *Matter of Hospital Assn. of N.Y. State v Axelrod*, 164 AD2d 518, 524 [1990]). Accordingly, we agree with Supreme Court's declaration that the policy memorandum is null and void. In light of our decision, we need not reach petitioners' alternative grounds for affirmance.

Garry, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

---

Motion for reargument or, in the alternative, permission to appeal to the Court of Appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion for reargument is granted, without costs, and the memorandum and order decided and entered November 25, 2015 is vacated (133 AD3d 1140 [2015]), and the attached memorandum and order is substituted therefor. Garry, J.P., Egan Jr., Rose and Clark, JJ., concur.