■ In the Matter of ROSLYN TEACHERS ASSOCIATION et al., Respondents, v NEW YORK STATE HEALTH INSURANCE PLAN et al., Appellants, et al., Respondents. [36 NYS3d 894]—

Rose, J. Appeal from an order and judgment of the Supreme Court (Lynch, J.), entered January 28, 2014 in Albany County, which, among other things, granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a certain policy memorandum issued by respondent Department of Civil Service.

Respondent Roslyn Public Schools is a participating agency in respondent New York State Health Insurance Program (hereinafter NYSHIP), which is administered by the Employee

Benefits Division of respondent Department of Civil Service. On May 15, 2012, the Department of Civil Service issued policy memorandum No. 122r3, which limited the circumstances under which an employee of a participating agency such as Roslyn may choose to decline NYSHIP coverage in exchange for a cash payment. The collective bargaining agreements between Roslyn and petitioners included such a buyout program.

In March 2013, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, a declaration that the policy memorandum is null and void. NYSHIP and the Department of Civil Service (hereinafter collectively referred to as the state respondents) joined issue and moved for summary judgment asserting, among other things, that the petition is barred by the statute of limitations. Supreme Court denied the motion, granted the petition, declared the policy memorandum null and void, and remitted the matter to the state respondents for further action. The state respondents appeal.

We affirm. As we are holding in a case that is virtually indistinguishable from this one (*Matter of Plainview-Old Bethpage Congress of Teachers v New York State Health Ins. Plan*, 140 AD3d 1329 [2016] [decided herewith]), the new restriction that the policy memorandum imposes on eligibility for the NYSHIP buyout program constitutes "a firm, rigid, unqualified standard or policy" that effectively "carves out a course of conduct for the future" (*Matter of Connell v Regan*, 114 AD2d 273, 275 [1986]; *see People v Cull*, 10 NY2d 123, 127 [1961]). As such, the policy memorandum constitutes a "rule or regulation" within the meaning of NY Constitution, article IV, § 8 and Executive Law § 102 (1) (a) and, thus, is not effective until it is filed with the Department of State. Because the state respondents did not comply with this filing requirement, the statute of limitations never commenced to run on petitioners' claims, and we agree with Supreme Court that the policy memorandum is null and void (*see Matter of Plainview-Old Bethpage Congress of Teachers v New York State Health Ins. Plan, supra*).

Garry, J.P., Egan Jr. and Clark, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

---

Motion for reargument or, in the alternative, permission to appeal to the Court of Appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion for reargument is granted, without costs, and the memorandum and order decided and entered November 25, 2015 (133 AD3d 1142 [2015]) is vacated, and the attached memorandum and order is substituted therefor. Garry, J.P., Egan Jr., Rose and Clark, JJ., concur.